By the Court—Mohcrief, J.
The reasons assigned by the Justice at Special Term, upon denying the motion for a new trial, are sufficient, satisfactorily to dispose of this appeal and to affirm the judgment and order.
In Hunt v. Bennett, (19 N. Y. R., 173,) the Judge had charged the Jury that “ the plaintiff was not only entitled to recover to the full extent of the injury done him, but a Jury might go further, and, if the circumstances of the case warranted it, increase the amount of damages as a punishment to the slanderer;” and to this charge the defendant had excepted. Upon the hearing of the appeal, “the Counsel for the appellant, on commencing the discussion of the exception to the Judge’s charge in respect . to punitive damages, was stopped by the Court and informed that the question luid been settled against him in the Court of Appeals in unreported cases, the last of which (Keezeler v. Thompson), was decided in December, 1857.” (Id., 175.)
In the present action, the Jury, under proper instructions from the Justice presiding at the trial, (to which instructions no exception was taken,) must be deemed to have found, as a matter of fact, that the defendant “wrongfully entered and made a disturbance in the office of the plaintiff, at Ho. 154 South street, in the City of Hew York.” This was the material issue to be tried between the parties.
An examination of the testimony in the case has not *591 induced either the Justice presiding at the trial (under § 264 of the Code), or the Justice presiding at the Special Term, to interfere with the verdict found by the Jury; and a very careful scrutiny of all the evidence has not led me to call in question the entire fairness and justice of such finding. The damages may be large but are not excessive. (See 5 Taunt., 442 ; 10 Serg. & Rawle, 399 ; 2 South., 518 ; 1 id., 61 ; 6 Peters, 272 ; 2 Wils., 405 ; 3 Dev. [N. C.], 55 ; 4 Mass. R., 1 ; 12 Johns., 234 ; Starkie, 1451 ; 4 Denio, 464 ; 12 Conn., 580 ; Sedg. on Dam., 35, 204.)
The exceptions taken at the trial are not well founded and were properly overruled.
The judgment and order must be affirmed.