## Case & Co. Woleben.

1. **Mortgage:** REPLEVIN: DISMISSAL BEFORE ISSUE JOINED. Where an action of replevin was dismissed by the plaintiffs before issue joined, and an order entered for the return of the property, which was not complied with by the plaintiffs, it was held that a chattel mortgage executed by them while in possession of the property, before the issuance of a writ of restitution, and taken by the mortgagee in good faith, was valid.

*Appeal from Winneshiek District Court.*

WEDNESDAY, DECEMBER 3.

ACTION to replevy two horses. The plaintiffs claim the property by virtue of a chattel mortgage executed to them by Thomas Welsh and Wm. Welsh, jr., intervenors. The defendant Woleben claims to hold it as constable. Sometime previous to the commencement of this action the defendant Tuttle obtained a judgment against one Wm. Welsh, sen., father of the intervenors, Thomas Welsh and Wm. Welsh, jr. An execution was issued upon the judgment and levied by the defendant Woleben, as constable, upon the horses in question. Thomas Welsh, claiming to be the owner of one of the horses, and Wm. Welsh, jr., claiming to be the owner of the other, brought an action of replevin, each for himself, before a justice of the peace against Woleben for the horses, and recovered possession of them. Before issue was joined they discovered that their actions were premature in that they had commenced them without the service of notice of claim of ownership upon Woleben as provided by statute. They accordingly dismissed their actions, and an order was entered by the justice in each case that the horse replevied be returned. This occurred upon the 30th day of July, 1877. The horses were not returned, and no writ of restitution was issued until the 31st day of December, 1877. In the meantime the horses remained in the possession of Thomas Welsh and Wm. Welsh, jr., who executed to the plaintiffs the mortgage under which they now seek to recover the property. Upon the writ of restitution, issued December 31st, 1877, the horses were taken and re

turned to Woleben as constable, who again levied an execution upon them issued upon Tuttle's judgment against Wm. Welsh, sen. In the present action Thomas Welsh and Wm. Welsh, jr., intervene and claim each to be the owner of one of the horses subject to the plaintiff's mortgage, and the undisputed evidence establishes such ownership. There was a trial without a jury, and judgment was rendered for the defendants. The plaintiffs and intervenors appeal.

*O. J. Clark* and *J. G. Morss*, for appellants.

*Brown & Wellington*, for appellees.

ADAMS, J.—It is claimed by the appellees that at the time Thomas Welsh and William Welsh, jr., executed the mortgage to the plaintiffs there had been an adjudication against the mortgagors and in favor of Woleben whereby it was adjudged that the right of possession was in him. The adjudication relied upon is the order of return. The appellees cite *Marshall v. Bunker*, 40 Iowa, 121. The most that could be claimed for that case is that where issue involving the right of property is joined in an action of replevin, and the plaintiff dismisses his action, the defendant is entitled to judgment. In the replevin actions in question there was not only no issue of any kind joined, but no judgment rendered except for costs.

By the order it was determined that under the circumstances the constable appeared at that time to be entitled to the horses. But they were allowed to remain in the possession of the intervenors, and while in their possession they were mortgaged by the intervenors to the plaintiffs. In our opinion, the mortgage is not subject to any right acquired by the constable.

REVERSED.

1. MORTGAGE: replevin: dismissal before issue joined.