## LIBBY vs. MURRAY.

*February 8 — March 2, 1881.*

REPLEVIN AGAINST OFFICER. *What acts necessary to charge him with the possession.*

1. Where an officer has not possessed himself of chattels under a writ in such a manner that he could maintain trespass or replevin against a wrongful taker, replevin will not lie against him by the real owner, who is a stranger to the writ.
2. An officer read to the present plaintiff at her store a writ of attachment against the property of a third person, and told her that he attached a certain hearse (which really belonged to her), and went into the room where the property was, and looked at it; but did not remove it, nor take it into his possession or control, nor serve the writ on the attachment defendant, nor make return thereof. *Held*, that replevin will not lie against him.

APPEAL from the Circuit Court for *Waupaca* County.

Replevin, for a hearse alleged to have been seized by defendant as an officer, upon a warrant of attachment issued by a justice's court in an action against plaintiff's husband. The facts shown by the evidence will sufficiently appear from the opinion.

Defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Goodrich & Bishop*,

his attorneys, with *Sloan, Stevens & Morris*, of counsel, and oral argument by *Mr. Sloan:*

1. A levy not authorized by law is a trespass, for which an appropriate action will lie; but *replevin* will not lie unless the officer has removed the goods, or has them in his possession when suit is brought. Wells on Repl., § 52; *English v. Dalbrow*, 1 Miles (Pa.), 160. To be liable to such an action, he must at least have assumed control of the goods, though he may have left them in the control of the defendant named in his writ, or of some other person, to keep for him. This is not such a case. 2. In case of an attachment, the officer is required to seize the property, make an inventory thereof, cause it to be appraised, and keep it. R. S., secs. 2736, 2741. These acts are essential to vest the lien of the attachment. It is not necessary that the property should be removed; but the officer must have actual custody and exclusive control. Freeman on Ex., § 262; *Hemmenway v. Wheeler*, 14 Pick., 410; *Sanderson v. Edwards*, 16 id., 144; *Bryant v. Osgood*, 52 N. H., 185; *Hickey v. Hinsdale*, 12 Mich., 100; *Nichols v. Patten*, 18 Me., 238; *Waterhouse v. Smith*, 22 id., 337; *Rand v. Sargent*, 23 id., 326; *Tomlinson v. Collins*, 20 Conn., 364. The declaration of the officer that he has attached the property, does not amount to a conversion. *Fernald v. Chase*, 37 Me., 289. As the attachment was not served as required by law, defendant acquired no constructive possession or right of possession of the property. *Watts v. Willett*, 2 Hilton, 212.

For the respondent there was a brief by *E. P. Perry*, his attorney, with *E. L. Browne*, of counsel, and oral argument by *Mr. Browne:*

1. If the officer made such a seizure as would have enabled him to maintain trespass against a stranger taking the property away, this action can be maintained. *Gallagher v. Bishop*, 15 Wis., 276, 279, and authorities there cited; *Williams v. Morgan*, 50 id., 548. An unauthorized levy, without sale or removal, is a trespass, and replevin lies against the officer.

*Stewart v. Wells*, 6 Barb., 79; *Allen v. Crary*, 10 Wend., 349. Replevin lies in favor of the owner against one who has merely directed the officer to levy on the chattel. *Knapp v. Smith*, 27 N. Y., 277. It is not necessary that the goods should be removed; they may be left in the custody of the defendant in the writ, at the plaintiff's or the officer's risk. *Beekman v. Lansing*, 3 Wend., 450. 2. Defendant, at the time of the service of the attachment, told plaintiff that he was instructed to and did levy upon or seize the hearse, and had the right to remove it, but would not do so until plaintiff's husband should come home. Before the writ of replevin was issued, he claimed to plaintiff's agent that he had attached the hearse; and before the writ was placed in the sheriff's hands, he repeated the same claim to plaintiff's attorney, stating that he had not removed the property because he supposed that it would be replevied. He is estopped by these acts and statements from denying that he seized upon the property and took it into his custody under his writ. *Norton v. Kearney*, 10 Wis., 443; *Chynoweth v. Tenney*, id., 397; *Racine Co. Bank v. Lathrop*, 12 id., 466.

COLE, C. J. This action of replevin could only be sustained against an officer who had either the actual or the constructive possession of the property when the suit was commenced. Where the officer seizes and possesses himself of chattels under a writ in such a manner as to enable him to maintain trespass or replevin against a wrongful taker thereof, there replevin may be brought against such officer by the real owner, if a stranger to the writ. This was the rule laid down in *Gallagher v. Bishop*, 15 Wis., 276, and which was affirmed in this court in the recent case of *Williams v. Morgan*, 50 Wis., 548. But, within that rule of law, this action must fail; for it is very evident that the defendant never made such a levy upon the hearse under the writ of attachment as would enable him to maintain trespass or replevin against one who wrongfully inter-

fered or meddled with the property. Indeed, it is quite plain that the acts of the defendant in respect to the hearse did not amount to a complete and valid levy of the attachment. Certainly he did not attempt to take the property into his possession and custody under the writ, or place it beyond the control and possession of the plaintiff. The possession of the person having charge of the hearse was not disturbed for a moment, though the property was capable of being taken into the actual possession of the officer. There was really not the slightest actual interference with the rights of the owner over the property, or of the one who claimed the right to control it. These facts, it seems to us, are clearly and conclusively established by the evidence. It is apparent that the defendant made no legal service of the writ upon the attachment debtor; he did not even make a return upon it, having become satisfied that his attempted service of the same was entirely insufficient. It is true, he read the writ to the plaintiff at the store, and told her he attached the hearse; and, according to the plaintiff's testimony, he went into the back room, where the hearse was, and looked at it. That was all he did under his process towards taking possession of the property or serving the attachment. He did not take the hearse into his custody, or claim that he had or attempt to exercise any dominion or control over it to the exclusion of the owner.

Says Mr. Justice FOSTER, in *Bryant v. Osgood*, 52 N. H., 182, 185: "At common law, the doings of an officer in respect to personal property cannot amount to a valid attachment unless the articles are taken into his actual custody or placed under his exclusive control. The articles must be within the power of the officer. He must continue to retain this power over them by remaining present himself, or by appointing an agent in his absence; by taking a receiptor for the property, by inventorying and marking them, or by a seasonable removal of them. The officer must take possession of the goods. It is not necessary that they should be removed, but they must in

all cases be put out of the control of the debtor." *Nichols v. Patten*, 18 Me., 231; *Waterhouse v. Smith*, 22 Me., 337; *Rand v. Sargent*, 23 Me., 326; *Fernald v. Chase*, 37 Me., 289. The property in this case might have been taken possession of by the officer and removed so as to complete the levy. But he did not assume to control it under his writ, but left it in the control of the person who had previously had possession of it. Under these circumstances it is very evident that this action cannot be maintained.

It is said that the defendant, by his declarations, was estopped from denying that he had made a valid levy. But, as the defendant neither took possession nor attempted to exercise any control over the hearse, there is no reason why he should not have the benefit of his defense that he had not possession of the property when the suit was commenced. A mere declaration by an officer that he has attached personal property, without proof that he has taken possession, or exercised any dominion or control over it, does not amount to a conversion. *Fernald v. Chase, supra.* The same rule may be applied in this case, where the plaintiff had the same possession and enjoyment of the property at the commencement of the suit she had ever had. Her position in regard to it has not been changed by the acts of the defendant.

It follows from these views that the judgment of the circuit court must be reversed, and the cause be remanded with directions to dismiss the complaint.

*By the Court.*— So ordered.