McHugh vs. Robinson.

McHugh, Respondent, vs. Robinson, Appellant.

*April 3 — April 17, 1888.*

*Replevin against officer: Possession.*

Cattle in the possession of a constable under an attachment were re-
plevied by the owner. After the constable had given an under-
taking which entitled him to have the cattle returned to him, the
replevin suit was dismissed, but the cattle were never actually
returned to the possession of the constable, and he afterwards dis-
claimed such possession and refused to accept the delivery of the
cattle upon any condition. *Held,* that the owner could not main-
tain a second action of replevin against the constable.

APPEAL from the Circuit Court for *Marathon* County.
Replevin. The facts are sufficiently stated in the opin-
ion. The defendant appeals from a judgment in favor of
the plaintiff.

For the appellant there was a brief by *Neal Brown* and
*L. A. Pradt,* and oral argument by *Mr. Brown.*

For the respondent the cause was submitted on the brief
*C. F. Crosby* and *R. B. Salter.*

COLE, C. J. This action was brought to recover the pos-
session of a yoke of oxen. It appears that the oxen were
originally taken by the defendant, as constable, on a writ
of attachment against the plaintiff. The plaintiff then com-
menced an action of replevin against the defendant to re-
cover the possession of the oxen, claiming that they were
exempt. On the 5th of February, 1886, the return day of
the writ of replevin, that action was dismissed by the jus-
tice for want of jurisdiction, and the property was ordered
to be returned to the defendant. The plaintiff then filed
an affidavit with the justice that he intended to appeal from
the judgment. On the 8th of February the defendant exe-
cuted the requisite undertaking prescribed by sec. 3759,

R. S., and on the same day the justice entered an order in his docket directing the constable, Prossor, to return the oxen to the defendant. On the same day the plaintiff in that case and in this paid up the costs in justice's court, and that action was dismissed, and no further proceedings were taken therein. The constable, Prossor, made an effort to return the oxen to the possession of the defendant, and indorsed on the order of the justice that he delivered the oxen back to the defendant on February 9th, at Spencer, by placing them in the building from whence he took them, and leaving a written notice at the residence of the defendant of such delivery. It does not appear that there was any actual delivery of the oxen into the possession of the defendant, and we are satisfied from the evidence that there was not. Upon this point the defendant testified that he never took charge of them, that he never saw them, and that they never came into his possession after they were first taken from him. He also said that he saw the plaintiff, and had a talk with him, and told him "I had nothing to do with the cattle, and for him to go and get them, for I would not accept them." It does not clearly appear at what precise day this conversation between the parties occurred, but we infer that it was about the time the present action was commenced. At all events we are satisfied from the evidence that the defendant had not possession of the cattle, nor did he exercise any control over them whatever when this suit was commenced. For the plaintiff himself testified that he drove the cattle from Colby to Spencer, the same night the affidavit for the writ of replevin in this case was made. He says: "I took them as far as what they call 'Diamond Street.' I took them to Spencer. I waited until I got a wagon, and I was walking about four feet from the nigh ox. The cattle were walking with their heads tied together, and Mr. Prossor walked between us, and pulled out a paper from his pocket, and says,

'I hold these cattle in this litigation,' and he drove the cattle off. . . . I drove them out to my place,— out to Clark county. I started from Colby to my place, and from my place to Spencer. I drove them from my place to Spencer. Mr. Prossor did not go with me." There is some further testimony of statements made by the attorney of the defendant to the effect there would be no claim that the delivery by Prossor to the defendant was not good; but still we are satisfied that the defendant did not have any such possession or control of the oxen as will support this action against him. This action goes upon the ground that the property which is to be replevied has been taken and is detained by the defendant; that it is in the actual or constructive possession of the defendant or under his control. No such possession or control was shown to be in the defendant when the suit was commenced. On the contrary, it appears he disclaimed all such possession, and refused to accept the delivery of the cattle upon any condition. It is true, he had given an undertaking in the first replevin suit, which entitled him to have the cattle returned to him, but they never were in fact delivered. They seem rather to have remained in the legal custody and possession of Prossor, the constable, or in the possession of the plaintiff himself.

In *Johnson v. Garlick*, 25 Wis. 705, it is held that an action to recover the possession of personal property will not lie against one who was not in the actual possession and control of it, and who disclaimed title or right of possession upon demand made. To the same effect is *Libby v. Murray*, 51 Wis. 371. See, also, *Brockway v. Burnap*, 12 Barb. 347. If the plaintiff is to be believed, he was in the actual possession of the oxen when Prossor seized them on the writ in the present case. Thus the strange anomaly is presented of a party bringing a replevin for chattels in his actual possession and under his control. It is needless to

say that such an action cannot be maintained. The provisions of the statute presuppose that the defendant in the action is in possession of the goods and unjustly detains them; and it would be contrary to all authority, reason, and common sense to suppose it was intended to give this remedy to one who already had possession of the property. We therefore think the court below erred in refusing to grant the defendant's motion for a nonsuit. The plaintiff had really proved himself out of court by his own testimony.

*By the Court.*— The judgment of the circuit court is re-reversed, and the cause is remanded for a new trial.