BUCKWHEAT, Respondent, vs. ST. CROIX LUMBER COMPANY, Appellant.

*November 6 — December 3, 1889.*

*Estoppel: Service of process: Declarations of officer: Conversion.*

Defendant having libeled plaintiff's steamboat in a federal court, the marshal and defendant's attorney went to attach the boat, but, finding it submerged, did not serve the writ. They, however, informed plaintiff's agent that they had attached the boat, and warned him not to interfere with it. Afterwards, on demand by plaintiff, defendant's attorney refused to surrender possession of the boat. Plaintiff was thereby induced to refrain from caring for the boat, and it was injured in consequence of such neglect. In an action for the conversion of the boat, *held* that defendant was estopped to deny that the boat had been in fact seized and taken possession of.

APPEAL from the Circuit Court for *St. Croix* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that at the times named the plaintiff owned and possessed a certain steam ferryboat, known as the "George Wilcox, Jr.," with her tackle and furniture, of the value of $1,000, designed to run across the St. Croix river between South Stillwater, Minnesota, and Hudson, Wisconsin, during the season of 1888; that in April, 1888, the defendant wrongfully, with force and arms, seized and took and carried away said boat, and wrongfully converted and disposed of the same, to the plaintiff's damage in the sum stated.

The answer consists of denials, and alleges: " That during the fall of 1887 said ferry-boat sunk off the western shore of Lake St. Croix, within the corporate limits of the state of Minnesota; that said ferry-boat was indebted to this defendant for fuel used in running said boat the previous season; that in the spring of 1888, and while said boat

was entirely submerged and under water, this defendant brought action against said steamboat by a certain proceeding *in rem*, in admiralty, in the United States district court for the district of Minnesota, and thereupon the usual monition was issued out of said court, directing the United States marshal to seize said boat and take the same into custody, that thereafter the court might proceed according to law, and adjudge as to such indebtedness, and, by due and proper order, direct the condemnation and sale of said steamboat; that the United States marshal, under and by virtue of the command in said monition and writ, visited South Stillwater, where said steamboat was so sunk and submerged in Lake St. Croix, for the purpose of taking possession of said steamboat, and, finding said steamboat was submerged and beyond his reach, the United States marshal declined to take said steamboat into his possession."

There was evidence on the trial tending to prove that on April 13, 1888, the United States marshal, accompanied by the attorney for the plaintiff in the attachment proceedings, went to South Stillwater with the intention of attaching the boat for the claim held against her mentioned in the answer, and having at the time a writ issued out of the United States court for the seizure of the boat, but that, on reaching the boat and ascertaining her condition, they concluded not to serve the writ and did not do so, but that, nothwithstanding, the marshal, with said attorney, went and saw the plaintiff's agent in charge of the boat, and told him and led him to believe that they had in fact attached the boat, and warned such agent not to interfere with it; and that subsequently, on demand being made for the possession of the boat by such agent, said attorney refused to surrender such possession.

At the close of the trial the jury returned a verdict in favor of the plaintiff for $456.39. From the judgment entered upon such verdict the defendant appeals.

For the appellant there was a brief by *Bashford & Disney* and *Fayette Marsh*, and oral argument by *Mr. Marsh*. To the point that the acts of the defendant and of the United States marshal acting for the defendant were not such as would constitute a wrongful conversion of the property, they cited *Libby v. Murray*, 51 Wis. 371; *Fernald v. Chase*, 37 Me. 289; *Watts v. Willet*, 2 Hilt. 212; *Rand v. Sargent*, 23 Me. 326; *Mills v. Van Camp*, 41 Mich. 645; *Hickey v. Hinsdale*, 12 id. 100; *Hemmenway v. Wheeler*, 14 Pick. 410; *Bryant v. Osgood*, 52 N. H. 185; *Gallagher v. Bishop*, 15 Wis. 276; *Williams v. Morgan*, 50 id. 548.

For the respondent there was a brief by *R. H. Start* and *L. P. Wetherby*, and oral argument by *Mr. Start*. They cited Cooley on Torts, 448; 6 Bac. Abr. 677; *Donahue v. Shippee*, 8 Atl. Rep. (R. I.), 541; *Evans v. Mason*, 64 N. H. 98; 1 Chitty Pl. 155; *Gallagher v. Bishop*, 15 Wis. 276; *Neilau v. Hanny*, 2 Car. & K. 710; *Needham v. Rawbone*, 6 Q. B. 771n; *Baker v. Beers*, 64 N. H. 102; *Baldwin v. Cole*, 6 Mod. 212; *Bristol v. Burt*, 7 Johns. 254; *McCombie v. Davies*, 6 East, 538.; *Anonymous*, 12 Mod. 344.

CASSODAY, J. The verdict of the jury resolved all facts in issue in favor of the plaintiff. Accordingly the learned counsel for the defendant concedes that there can be no reversal unless it appears from the undisputed evidence that the marshal with the process and the defendant's attorney were never in such possession, nor assumed such control over the boat, as to authorize any judgment against the defendant. In support of such contention counsel rely mainly upon *Libby v. Murray*, 51 Wis. 371. That was an action of replevin against an officer alleged to have taken the property upon an attachment against the property of the plaintiff's husband; and it was in effect held that the mere reading of the writ to the plaintiff by the officer, and

telling her that he attached the property, and then going into the room where it was and looking at it, but not removing it, nor taking it into his possession or control, nor serving the writ on the husband — the defendant in the attachment, nor making return thereof, would not justify replevin against the officer in favor of the wife. The simple question there was whether the owner of property, in possession thereof, could maintain replevin from such officer not in possession, merely because he had done the several things mentioned.

This is not an action of replevin, and the case is otherwise distinguishable. Trespass will lie where replevin will not. *Grace v. Mitchell*, 31 Wis. 533. The theory upon which this action was maintained in the trial court is to the effect that the defendant, through its attorney and the United States marshal, informed the plaintiff that the marshal was in the possession and control of the boat under and by virtue of the writ mentioned, and warned the plaintiff not to interfere with it, and refused to surrender possession on demand; that the plaintiff, relying upon such claim, statements, and conduct, refrained from caring for the boat; that in consequence thereof the boat became injured, to the plaintiff's damage; and that, by reason of the acts stated, the defendant was estopped from claiming that such levy was not made and such possession and control not taken. The evidence of conversion was sufficient to carry the case to the jury. *Neilau v. Hanny*, 2 Car. & K. 710. Assuming the facts to have been as they were manifestly found by the jury, and it is very apparent that what was said and done by the defendant's attorney and the marshal were such as to have naturally induced the plaintiff to act differently in respect to the care and possession of the boat than he otherwise would have done, and that he was greatly prejudiced thereby. This clearly constituted an estoppel. *Vilas v. Mason*, 25 Wis. 310; *Zielke v. Morgan*, 50 Wis.

568; *Warder v. Baldwin*, 51 Wis. 450; *Warder v. Baker*, 54 Wis. 49; and cases cited in the opinions therein.

*By the Court.*— The judgment of the circuit court is affirmed.