EMIL CALNAN & others *vs.* ANSON STERN.

Suffolk.   January 23, 1891. — March 4, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Replevin — Dismissal without Order for Return — Possession.*

Chattels were replevied from an attaching officer; but the action was dismissed without any judgment for a return. Subsequently the plaintiff in replevin sent them to the stable from which they were taken, and notified the defendant that the property had been returned and was subject to his order, and, although the defendant refused to receive it, brought a second action of replevin against him. *Held*, that the officer had no possession of the chattels, and that the second action would not lie.

REPLEVIN of a horse, buggy, harness, and robe.   Trial in the Superior Court, without a jury, before *Bishop*, J., who found for the plaintiffs, and reported the case for the determination of this court.   If the plaintiffs were not entitled to maintain the action, judgment was to be entered for the defendant; otherwise, judgment was to be entered upon the finding.   The facts appear in the opinion.

*J. H. Blanchard*, (*A. S. Cohen* with him,) for the defendant.

*G. E. Curry*, for the plaintiffs.

HOLMES, J.   This is an action of replevin.   The defendant, a constable, had attached the chattels in question as the property of a third person, and the plaintiffs replevied them on March 22, 1888.   Their action was dismissed on December 4, 1888, without any order of return.   In the middle of the following January they sent the chattels to the stable from which they were

taken, and notified the defendant that the property had been returned, and was subject to his order. The defendant refused to receive it, but on January 19, 1889, this action was brought.

When the property was delivered to the plaintiffs in the former suit, they acquired a true possession of it in their own names, which was not the custody of the law, and was not qualified by any fiction. *White* v. *Dolliver*, 113 Mass. 400, 407. Therefore the dismissal of their suit did not of itself put an end to that possession as against the party from whom they had taken the property, whether owner, attaching officer, or wrongdoer, so long as *de facto* they held it. *Case* v. *Woleben*, 52 Iowa, 389. *Lockwood* v. *Perry*, 9 Met. 440, 446. It follows that, in the absence of a judgment for a return, they could not revest the possession in the defendant, except in accordance with the general principles by which possession is changed; and as the defendant refused to accept the chattels, or to acknowledge the bailees to whom they were delivered as his bailees, the possession was not in him when this action was begun. It would be extraordinary if one who had goods already in his possession or control could bring replevin for them on the strength of an earlier taking by the defendant alone. In *Morton* v. *Sweetser*, 12 Allen, 134, 136, 137, there had been a judgment of return in the former action, and the goods were in the defendant's possession. In *Walbridge* v. *Shaw*, 7 Cush. 560, there had been a judgment of return, the goods had been returned to the place from which they were taken, and there was evidence of the defendant's possession, although it was held that the last fact was immaterial. Whatever may be the law where there has been a judgment for a return, we see no principle on which the plaintiffs can recover in a case like the present, and it was held very plain that they could not do so in *McHugh* v. *Robinson*, 71 Wis. 565.

*Judgment for the defendant.*