MARCHAND v. HABER.

(Supreme Court, Trial Term, New York County.    March 9, 1896.)

SUMMARY PROCEEDINGS—JURISDICTION—PETITION.
    Under Code Civ. Proc. § 2235, providing that applicant for summary
proceedings to remove a person from real property must present a verified
complaint, a petition defectively verified, in that the notary's name is
by oversight not signed to the jurat, does not give a justice jurisdiction,
and his judgment of dispossession, rendered without appearance of defend-
ant, is void, rendering liable, for execution of the warrant thereunder,
the person who instituted the proceedings.

Action by Bernard Marchand against Harry D. Haber for tres-
pass.    Judgment for plaintiff.

Hal Bell, for plaintiff.
A. Finelite, for defendant.

McADAM, J.    On February 1, 1893, the defendant, as landlord,
commenced a summary proceeding against the plaintiff, a monthly
tenant, to remove him from the five rooms on the top floor, east
side, of the tenement known as "No. 96 East Broadway," for hold-
ing over after the expiration of his term.    The defendant signed the
petition and the affidavit accompanying it, but by some oversight
on the part of the notary the latter omitted to affix his name to
the jurat.    The clerk of the Fifth district court, upon this unveri-
fied petition, issued a precept returnable at 3 o'clock the same day,
and on the return thereof, the plaintiff not appearing, the justice
signed the final order as by default, and issued his warrant, which
was delivered to the marshal, and executed the following day.
The process was served in the absence of the tenant by affixing
the same on a conspicuous part of the premises; so that the
tenant was unaware of the pendency of the proceedings until he
found the paper on February 2, 1893, at about 1 a. m.    He called
upon the justice the same day, and understood the justice to say
that he need not bother further with the matter; that the justice
would attend to it.    Some time during that afternoon the mar-
shal executed the warrant by removing the tenant's household ef-
fects, and putting them upon the sidewalk, where they remained
until about 2 o'clock of the morning of February 3d, when they
were taken away by an expressman employed by the tenant's wife.
The plaintiff claims that when he became repossessed of his prop-
erty much of it had been injured, many articles were missing,
and that the actual injury in consequence amounts to about
$308.10.    The theory of the action is that, in consequence of the
failure of the notary to sign his name to the jurat, the acts of the jus-
tice were coram non judice, and void, and the defendant, there-
fore, liable.    The summary proceeding sought to be instituted be-
ing in derogation of the common law, and special in its nature,
in order to confer authority upon the magistrate the statute should
have been strictly complied with, particularly in its jurisdictional
requirements; the first and most important of which is that the
applicant must present a written petition, verified in like man-

ner as a verified complaint in an action in the supreme court. Code, § 2235. A judgment of dispossession without such a petition, duly verified, where there is no appearance or waiver by the tenant, is absolutely void. Coatsworth v. Thompson, 5 N. Y. St. Rep. 809; People v. De Camp, 12 Hun, 378; Williams v. Culhone (Com. Pl.) 3 N. Y. Supp. 241; Fuchs v. Cohen (Com. Pl.) 19 N. Y. Supp. 236; Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434. This upon the familiar principle that where jurisdiction, particularly of an inferior court, depends upon the existence of some fact of which there is no proof, all acts performed on the assumption of such jurisdiction are void. Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; Staples v. Fairchild, 3 N. Y. 41; Kelly v. Archer, 48 Barb. 68; Homan v. Brinckerhoff, 1 Denio, 184. No preliminary proceeding or appeal is necessary to vacate or set aside void process as the condition of the maintenance of an action for damages done under it (Fischer v. Langbein, supra), for such process affords no protection to the party who instituted the proceeding (Kerr v. Mount, 28 N. Y. 659; Fischer v. Langbein, supra). Where there is proof of a jurisdictional fact, but the justice errs as to its sufficiency, the judgment is voidable merely, and binding until reversed by some direct proceeding. 6 Wait, Act. & Def. 805; Skinnion v. Kelly, 18 N. Y. 355; Hall v. Munger, 5 Lans. 100. But void adjudications, like the one here, are never binding, and can always be impeached directly or collaterally (6 Wait, Act. & Def. 805); for the remedy strikes deep. It goes to the very root of the proceeding, lays bare its defects, and destroys the verity of the judicial record.

The defendant insists that the want of a jurat was a defect amendable by section 723 of the Code, made applicable to district courts by section 3347, subd. 6. There are two answers to this proposition. In the first place, no such amendment has been allowed or made. In the second place, a justice cannot, by amending a proceeding in a particular which is necessary to give him jurisdiction, acquire an authority nunc pro tunc. Ackerman v. Finch, 15 Wend. 652. The fact that the jurat was not signed because of the oversight of the notary does not aid the defendant. Unintentional errors furnish the responsible party no defense against one injured by them. Intent is only material in aggravation or mitigation of damages. 2 Sedg. Dam. 483; Walker v. Wilson, 8 Bosw. 586. The institution of the proceeding by the defendant, his presence at the execution of the warrant, and the acceptance of the benefits derived therefrom, make him liable for the acts of the marshal and his assistants. The real question, therefore, resolves itself into one of damages. The plaintiff was a monthly tenant, and his term had expired when the proceeding was commenced; but this circumstance gave the defendant no authority to remove him or his property without legal process. Flaherty v. Andrews, 2 E. D. Smith, 529; Shannon v. Burr, 1 Hilt. 39. But the fact that the plaintiff had no existing right to possession, as well as the defendant's good faith, may be considered in awarding damages. The trespass was unaccompanied by bodily fear or

other circumstances of aggravation, and the general rule of damages is to award full compensation for all injuries done, without adding damages of an exemplary character. Eten v. Luyster, 60 N. Y. 253. The plaintiff's wife, after proving her qualification to testify, gave it as her opinion that the damages amounted to $308.10. Yet her judgment upon the subject is not of that weight which a disinterested and more competent expert would be likely to receive. Upon the entire case the damages will be assessed at $250, which sufficiently compensates for every loss sustained. For this sum the plaintiff is entitled to judgment, with costs.