CHATFIELD, Town Supervisor, Respondent, v. RODGER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by Byron Chatfield, as supervisor of the town of Elbridge, against C. Julia Rodger, individually and as administratrix, etc., and another. No opinion. Judgment affirmed, on opinion of ANDREWS, J., delivered at the special term. 71 N. Y. Supp. 1004.

DABRITZ, Respondent, v. BLUM et al., Appellants. (Supreme Court, Appellate Term. June, 1902.) Action by Clara Dabritz against Benjamin Blum and another. Blandy, Mooney & Shipman, for appellants. Christian G. Moritz, for respondent.

MacLEAN, J. In June, 1901, this court, without opinion (72 N. Y. Supp. 1099), reversed a judgment in summary proceedings, rendered in favor of the plaintiff, and ordered a new trial, with costs to abide the event. From a judgment again rendered in favor of the plaintiff, the tenants appeal, and, among other things, object because the petition failed to state jurisdictional facts. Upon the second trial the justice allowed an amendment of the petition notwithstanding objection. This was improper. "The summary proceeding sought to be instituted being in derogation of the common law and special in its nature, in order to confer authority upon the magistrate, the statute should have been strictly complied with, particularly in its jurisdictional requirements. * * * In the second place, a justice cannot, by amending a proceeding in a particular which is necessary to give him jurisdiction, acquire an authority nunc pro tunc." McAdam, J., in Marchand v. Haber, 16 Misc. Rep. 319–321, 37 N. Y. Supp. 950. The original petition alleges that Clara Dabritz "is executrix of the last will and testament of Edward Dabritz, deceased, the owner and the landlord in respect to the premises hereinafter described." This is an insufficient description of the petitioner's interest, which must be particularly described in the petition. Potter v. Society, 23 Misc. Rep. 671, 52 N. Y. Supp. 294. For this reason, the final order and judgment should be reversed, and the proceeding dismissed. Final order and judgment reversed, and proceeding dismissed. All concur.