MISCHNER v. ALTMAN.

(Supreme Court, Appellate Term. July 1, 1910.)

1. JUDGMENT (§ 479*)—COLLATERAL ATTACK.
   A void final order in summary proceedings may be attacked collaterally.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 914; Dec. Dig. § 479.*]

2. LANDLORD AND TENANT (§ 310*)—SUMMARY PROCEEDINGS—FINAL ORDER —VALIDITY.
   If the Municipal Court did not have jurisdiction over the tenant, its final order in dispossess proceedings was void.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1319; Dec. Dig. § 310.*]

3. JUDGMENT (§ 486*)—COLLATERAL ATTACK—SCOPE—JURISDICTIONAL DEFECTS.
   The scope of collateral attack is limited to jurisdictional defects appearing on the face of the process or order.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 920, 924; Dec. Dig. § 486.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Mischner against Isaac Altman. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Alfred B. Jaworower, for appellant.
Henry Kuntz, for respondent.

BIJUR, J. The complaint sets forth an action in trespass, to the effect that the defendant, assisted by a marshal of the city of New York, threw plaintiff's stock of goods into the street, after having made a false affidavit that the plaintiff could not be served personally with a precept in dispossess proceedings, and having obtained, after "substituted service" and default, a warrant to dispossess him.

The question on this appeal is whether the plaintiff can attack collaterally the final order and warrant to dispossess, by showing that the affidavit of service was untruthful and fraudulent. If the Municipal Court did not have jurisdiction over the plaintiff, its final order in dis-

possess proceedings was void, and a void order may be attacked collaterally without preliminary appeal.  Hughes v. Cuming, 165 N. Y. 91, 94, 58 N. E. 794; Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; Day v. Bach, 87 N. Y. 56; Marchand v. Haber, 16 Misc. Rep. 319, 37 N. Y. Supp. 950.

The scope of collateral attack, however, is limited to jurisdictional defects appearing on the fact of the process or order.  Van Alstyne v. Erwine, 11 N. Y. 331, 341; Skinnion v. Kelly, 18 N. Y. 355; Marchand v. Haber, 16 Misc. Rep. 319, 321, 37 N. Y. Supp. 950; Beach v. Bainbridge, 7 Hun, 81; Mathews v. Carman, 122 App. Div. 582, 586, 107 N. Y. Supp. 694.  The papers in the dispossess proceedings appear to be regular, and as the validity of the service cannot be attacked in the present action the complaint should have been dismissed.

It is not necessary to consider whether the complaint stated a cause of action in trespass, on the ground that the goods were removed carelessly or negligently, as there is no evidence to support such a claim.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.