LOUIS MISCHNER, Respondent, *v.* ISAAC ALTMAN, Appellant.

(Supreme Court, Appellate Term, July, 1910.)

Judgment — Collateral attack — Want of jurisdiction — Right of parties to impeach judgment.

A final order and warrant in summary proceedings to recover the possession of real property is only subject to collateral attack for jurisdictional defects appearing on the face of the process or order, but not for defects depending upon facts requiring extrinsic proof.

APPEAL from a judgment of the City Court of the city of New York for $674.12 entered upon a verdict in favor of plaintiff, and from an order denying a motion for a new trial.

Alfred B. Jaworower, for appellant.

Henry Kuntz, for respondent.

BIJUR, J. The complaint sets forth an action in trespass to the effect that the defendant, assisted by a marshal of the city of New York, threw plaintiff's stock of goods into the street, after having made a false affidavit that the plaintiff could not be served personally with a precept in dispossess proceedings, and having obtained, after "substituted service" and default, a warrant to dispossess him.

The question on this appeal is whether the plaintiff can attack collaterally the final order and warrant to dispossess, by showing that the affidavit of service was untruthful and fraudulent.

If the Municipal Court did not have jurisdiction over the plaintiff, its final order in dispossess proceedings was void; and a void order may be attacked collaterally without preliminary appeal. Hughes v. Cuming, 165 N. Y. 91, 94; Fischer v. Langbein, 103 id. 84; Day v. Bach, 87 id. 56, and Marchand v. Haber, 16 Misc. Rep. 319.

The scope of collateral attack, however, is limited to jurisdictional defects appearing on the face of the process or order.    Van Alstyne v. Erwine, 11 N. Y. 331, 341; Skinnion v. Kelley, 18 id. 355; Marchand v. Haber, 16 Misc. Rep. 319, 321; Beach v. Bainbridge, 7 Hun, 81; Matthews v. Carman, 122 App. Div. 582, 586.

The papers in the dispossess proceedings appear to be regular; and, as the validity of the service cannot be attacked in the present action, the complaint should have been dismissed.    It is not necessary to consider whether the complaint stated a cause of action in trespass on the ground that the goods were removed carelessly or negligently, as there is no evidence to support such a claim.

Seabury and Guy, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.