## MISCHNER v. ALTMAN.

(Supreme Court, Appellate Division, First Department.    June 16, 1911.)

1. JUDGMENT (§ 490*)—COLLATERAL ATTACK—PROCEEDING.
     Collateral attack on a judgment for want of jurisdiction is not limited to defects appearing on the face of the process, but the defect may be shown by proof of the falsity of the affidavit of service of process.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 926–928; Dec. Dig. § 490.*]

2. EVIDENCE (§ 591*)—WEIGHT AND SUFFICIENCY—CONCLUSIVENESS ON PARTY INTRODUCING.
     In an action by a tenant for damages for ejection under a void judgment, where plaintiff rested after he had made out a prima facie case of trespass without introducing the papers in the former proceeding, but, after the trial court expressed doubts whether he had made out a case, and after its ruling that the plaintiff would be allowed to attack the papers collaterally, introduced them for the express purpose of contradicting them by showing that no service had been made, he is not precluded from attacking or impeaching them on the ground that they were his own evidence.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443; Dec. Dig. § 591.*]

3. EVIDENCE (§ 591*)—WEIGHT AND SUFFICIENCY—CONCLUSIVENESS OF PARTY INTRODUCING.
     The rule that a party may not impeach his own witness does not extend to documents.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443; Dec. Dig. § 591.*]

Appeal from Appellate Term.

Action by Louis Mischner against Isaac Altman. A judgment of the City Court for plaintiff was reversed by the Appellate Term (123 N. Y. Supp. 874), new trial ordered, and plaintiff appeals. Reversed, and judgment and order of the City Court affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry Kuntz (M. Spenser Bevins, of counsel, and Abraham P. Wilkes, on the brief), for appellant.

Alfred B. Jaworower, for respondent.

CLARKE, J. The defendant was the lessee of a loft and subleased one-half thereof to the plaintiff, a furrier. The plaintiff alleges that the lease was for a year; the defendant alleges that it was from month to month.

On the 7th day of May, 1903, the defendant served a notice that he elected to terminate the plaintiff's tenancy on the 1st of June. On the 1st of June the defendant filed a petition in the Municipal Court of the Third District, asking for a precept in dispossess proceedings. A precept was issued at 12:10, returnable at 3 o'clock on said day. An affidavit was made by one Kuegler on the 1st of June:

"That he did on the 1st of June, 1903, at 12 o'clock and fifty-five minutes in the afternoon, serve the within precept on 'John' Mischner, fictitious, etc., the tenant therein named, by affixing a true copy thereof upon a conspicuous

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part, to wit, the entrance door of the demised premises in the within affidavit and summons described, that at the time of said service 'John' Mischner, fictitious, etc., the said tenant, was absent from his last or usual place of residence and which was demised premises, and could not be found after due and diligent search, that he could not find any person at such place residing on the premises, and further, that he could not find upon the said demised premises any person of mature age residing thereon or connected therewith by employment in any business for which the said premises are used, on whom he could serve the same."

On the said June 1st judgment by default was entered for the possession, and on the 3d of June the defendant accompanied the marshal with several men, who piled the plaintiff's goods and chattels on the sidewalk.

The complaint is voluminous, but contains all the necessary averments in an action for trespass. After considerable discussion upon the trial, and after a demand that plaintiff elect upon what theory his case should proceed, he elected to proceed upon trespass, and therefore the case was so tried. The plaintiff rested, having proved the trespass, and the defendant moved to dismiss, whereupon an extended colloquy ensued, questions of amendment of the complaint, withdrawal of a juror, etc., were considered, and finally the plaintiff's counsel said:

"I will ask your honor to permit me to open this case for the purpose of offering the warrant and these papers in evidence, which we have here, for the purpose of attacking it collaterally, and then I will rest, thus giving them a chance to prove the legality of that warrant. Then we will bring the issue fairly in point that this warrant was improperly obtained. * * * The Court: I will allow the plaintiff to attack this warrant collaterally in this action."

Thereupon the case was reopened, the plaintiff offered the petition, precept, and warrant in evidence—

"for the purpose of attacking the warrant, as alleged in our complaint, by this plaintiff, and for no other purpose, that no service has been made of this precept. Defendant's Counsel: I have no objection to the precept, petition, and warrant going in evidence. Plaintiff's Counsel: I said for what purpose. Defendant's Counsel: I cannot make any bargain; you either offer it or you don't. You can attack them afterwards. The Court: You offer them in evidence. Defendant's Counsel: I have no objection."

The plaintiff thereupon gave evidence tending to show that he and two of his employés were in the loft all day long; that the door was open; that no attempt was made to serve the precept upon him or leave the papers with any one or attach them to the door. The question of fact submitted to the jury was whether the precept had been served. The jury resolved that question in favor of the plaintiff and returned a verdict for $500 damages.

[1] The learned Appellate Term in its opinion on reversal said:

"The complaint sets forth an action in trespass to the effect that the defendant, assisted by a marshal of the city of New York, threw plaintiff's stock of goods into the street, after having made a false affidavit that the plaintiff could not be served personally with a precept in dispossess proceedings, and having obtained, after substituted service, a default, a warrant to dispossess him. The question on this appeal is whether the plaintiff can attack collaterally the final order and warrant to dispossess, by showing that the affidavit of service was untruthful and fraudulent. If the Municipal

Court did not have jurisdiction over the plaintiff, its final order in dispossess proceedings was void, and a void order may be attacked collaterally without preliminary appeal. (Citing cases.) The scope of collateral attack, however, is limited to jurisdictional defects appearing on the face of the process or order. (Citing cases.) The papers in the dispossess proceedings appear to be regular, and, as the validity of the service cannot be attacked in the present action, the complaint should have been dismissed."

In the Matter of McGarren, 112 App. Div. 503, 98 N. Y. Supp. 415, we examined and collected the cases in this state from Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589, down, which established the doctrine that the validity of a domestic judgment for want of jurisdiction may be attacked collaterally and by extrinsic evidence. As said in O'Donohue v. Boies, 159 N. Y. 87, 53 N. E. 537:

"The record may be impeached for want of jurisdiction even by extrinsic evidence, and the same is true with respect to domestic judgments."

It is clear, therefore, that the Appellate Term erred in holding that the scope of collateral attack was limited to jurisdictional defects, appearing on the face of the process or order, and so much is conceded by the respondent on this appeal.

[2] But it is urged that inasmuch as the plaintiff offered in evidence the petition, precept, proof of service, and warrant of dispossess, he is bound by said papers and could not attack or impeach them for they were his own evidence.

When the plaintiff first rested, he had made out his prima facie case of trespass, and he had not offered in evidence the papers in question. It was only after the trial court had expressed its doubts as to whether the plaintiff had made out a case, and upon the trial court ruling that the plaintiff would be allowed to attack said papers collaterally, that they were offered and received without objection, for no other purpose than to show that no service had been made, and for the purpose of being attacked, defendant's counsel stating: "You can attack them afterwards."

Under such circumstances, I do not think that the point is well taken. The complaint alleged that the affidavit was false, and that the warrant was obtained by said false affidavit, and it was offered in evidence for the expressed purpose of being attacked, so ruled by the court, and understood by the defendant. The ordinary rule that a party is not permitted to impeach his own testimony because by offering it he vouches for its verity is entirely inapplicable.

[3] The rule that a party may not impeach his own witness does not extend to documents. Jones on Evidence, § 859. "Written instruments are not witnesses within the general rule under discussion, hence a party may offer in evidence a bill of sale or other instrument in writing, if it forms a part of the transaction in issue, and afterwards show that the instrument had its inception in fraud."

In the case at bar the plaintiff did not offer the papers for the purpose of establishing any right by virtue thereof. If they were valid, they were for the benefit of the defendant and justified the alleged trespass and constituted a defense. The mere fact that they were offered by the plaintiff for the purpose of being attacked, instead of being offered by the defendant for the purpose of establishing his

defense, cannot change the real situation. The reason for the rule against the impeachment of one's own evidence has no application. It is evidence that one has relied upon for the purpose of establishing his case that he may not impeach. This evidence was no part of the plaintiff's case because he had proved an unwarranted trespass and could then safely have rested if it had not been for the proceedings as outlined. The ultimate fact is that the defendant necessarily justified his acts by the judgment of the court, evidenced by the warrant of dispossess. As the defendant sought to claim a benefit under said judgment to defeat the plaintiff's claim, it was as clearly open to attack for want of jurisdiction as if the, defendant had brought an action based upon said judgment.

The determination of the Appellate Term should be reversed, with costs and disbursements to the appellant in this court and at the Appellate Term, and the judgment and order of the City Court affirmed. All concur.