LOUIS JAWITZ, Doing Business as JAWITZ ELECTRIC COMPANY, Respondent, *v.* EMANUEL REITMAN, Appellant.

Supreme Court, Appellate Term, Second Department, June 3, 1926.

Replevin — action to replevy property bid in by plaintiff's brother at auction sale — seller had lien on property and right to possession until price paid, under Personal Property Law, § 134 — plaintiff cannot replevy property in his possession — questions of fact were raised — error to direct verdict for plaintiff — not error to refuse admission of summons and complaint in action by third person against defendant — defect of parties plaintiff waived by failure to move under Rules of Civil Practice, rule 102 — plaintiff's brother, if proper party, may be added at trial, under Civil Practice Act, § 192, and Municipal Court Code, § 27.

The owner of property sold at auction has a lien thereon and is entitled to retain possession, under section 134 of the Personal Property Law, until the price bid is paid, and, therefore, a bidder cannot replevy the property from the owner unless the price is paid or a proper tender has been made.

The plaintiff, whose brother bid in the property in question, cannot maintain an action in replevin as to property in the possession of the plaintiff.

It was error to direct a verdict in favor of the plaintiff, since the evidence raised questions of fact as to whether or not the defendant was entitled to retain possession of the property, and as to whether the plaintiff or his brother was the purchaser of the property.

It was not error to refuse to admit in evidence the summons and complaint in an action brought by a third person to recover the amount paid on property so sold at the auction, which belonged to the plaintiff.

If the plaintiff's brother was a proper party to this action, the defendant waived his right to object on that ground by failing to move under rule 102 of the Rules of Civil Practice, on the ground that there was a defect of parties plaintiff.

However, if the plaintiff's brother is a proper party plaintiff, the trial court has the power, under section 192 of the Civil Practice Act and section 27 of the Municipal Court Code, to add his name as a party plaintiff at the trial.

APPEAL from a judgment of the Municipal Court, Queens, Second District, entered on a directed verdict in an action in replevin.

Defendant hired an auctioneer to conduct a public auction sale of defendant's machinery. Prior to the date of sale plaintiff's brother requested, and received, permission to send some of his own appliances to defendant's place to be disposed of at the same public sale by defendant's auctioneer. At time and place of sale the auctioneer announced that a cash deposit of ten per cent of the purchase price was required from all purchasers. Plaintiff's brother made a bid on several of defendant's articles, but gave no deposit. During the course of the sale the appliances sent up by plaintiff's brother were sold to one Gluck, and the money therefor was paid to defendant. A few days later plaintiff's

brother obtained a warrant of seizure against the chattels for which he bid at the sale, and the chattels were seized by a city marshal and delivered to plaintiff's brother. In the meantime Gluck commenced an action against defendant to recover the money paid for goods belonging to plaintiff's brother, based on the announcement made by the auctioneer that all goods were warranted by the seller, but lower court refused to allow testimony on that point. When the replevin action of plaintiff's brother against defendant came on for trial, the testimony disclosed that plaintiff's brother was in partnership with plaintiff under the firm name of Jawitz Electric Company, and thereupon defendant's motion to dismiss the complaint for defect of parties plaintiff was granted. Thereafter plaintiff commenced this action in his individual name in replevin, alleging the same cause of action as his brother did.

*Benjamin Burrows*, for the appellant.

*Emanuel Bloch*, for the respondent.

PER CURIAM. Judgment unanimously reversed on the law and new trial granted, with thirty dollars costs to the appellant to abide the event. It was error to direct a verdict. On the evidence, there were questions of fact for the jury whether the defendant was not entitled to hold possession for the unpaid purchase price. The defendant denied that the plaintiff had tendered the certified check and likewise denied that any credit was to be allowed for the sale of the property claimed to be owned by the plaintiff. Until the purchase price was paid or tender thereof made, the defendant had a lien. (Pers. Prop. Law, § 134, added by Laws of 1911, chap. 571.) The evidence shows that three items of the original number claimed to have been bought by the plaintiff were not in the possession of the plaintiff when he brought suit. As to those three articles, if the purchase price were duly tendered, the plaintiff had a right to bring replevin if plaintiff was the owner thereof. It was error not to let the jury pass on the question of whether this plaintiff or the brother of the plaintiff purchased the property from the defendant. The jury might have found that the brother owned the property and not the plaintiff. If the jury did so, there could be no recovery by this plaintiff. When the auctioneer struck down the goods, title passed to the buyer, but until the goods were paid for possession thereof could be maintained by the seller. As to the goods actually in the possession of the plaintiff, there was no right of replevin. Replevin is for the purpose of getting possession from the defendant. When the plaintiff has such possession, there is no basis for the action. (*Sinnott* v. *Feiock*, 165 N. Y. 444, 450; *Lathrop* v.

*Cook,* 14 Maine, 414, 416; *Hickey* v. *Hinsdale,* 12 Mich. 99, 100; *Calnan* v. *Stern,* 153 Mass. 413; *Mahr* v. *Livingstone,* 55 Misc. 133; *Christie* v. *Corbett,* 34 How. Pr. 19.)

It was not error to refuse to receive in evidence the summons and complaint in the action brought by Gluck against this defendant. There was no error in refusing to dismiss because the brother was not joined as party plaintiff. If the brother owned the property jointly with the plaintiff, defendant waived the defect in parties plaintiff by failing to move under rule 102 of the Rules of Civil Practice. The court, however, has power at trial to add the brother as a party plaintiff. (See Civ. Prac. Act, § 192; Mun. Ct. Code, § 27.)

Present, CROPSEY, MACCRATE and LEWIS, JJ.