BUFTER AMUSEMENT CORPORATION, Appellant, *v.* RUSSELL GARRISON, Individually and as Receiver of the Copartnership of ABBOTT & BROWN, Appellant, and WOLF KARSKY, Respondent.

Fourth Department, June 29, 1928.

*Henry Stern* [*George Essrow* of counsel], for the plaintiff, appellant.

*Sutherland & Dwyer* [*S. B. Dicker* of counsel], for the appellant Garrison.

*Myer Miller*, for the respondent.

PER CURIAM. The reason for the dismissal of the complaint at the close of plaintiff's case is a matter of conjecture. The motion was made on the ground of failure to prove the cause of action stated in the complaint. From scattered remarks of the trial judge we assume his holding was that no attack could be made on the judgment of the City Court in the eviction proceeding, because the Wilder Realty Company was not a party; hence, on the evidence, it appeared that when this action was begun plaintiff had no possession or right to possession of the premises; and that its cause of action, if any, was at law. Or the holding may have been that the attack on the City Court judgment failed. In either case we think there was error. An action may not, in any event, be defeated for non-joinder. (Civ. Prac. Act, § 192.) Plaintiff had a right to attack the City Court judgment collaterally for want of jurisdiction. (*Mischner* v. *Altman*, 145 App. Div. 251, 254.)

Putting aside the question of waiver by defendant for failure to move under rule 102 of the Rules of Civil Practice (*Spaulding* v. *First Nat. Bank*, 210 App. Div. 216; *Jawitz* v. *Reitman*, 128 Misc. 20), it was the duty of the court, under the Civil Practice Act (§ 193, subd. 1), to direct the bringing in of the Wilder Company as a party if, without its presence, a complete determination of the controversy could not be had. Without attempting to decide the point here, it is possible that the Wilder Company was not a necessary party. (*Osterhoudt* v. *Board of Supervisors*, 98 N. Y. 239.) The case may very well be one where the controversy as between the parties before the court can be determined without prejudice to the rights of the Wilder Company. If the plaintiff here were later to assert rights under its lease as against the Wilder Company, the latter, so far as we can now see, would not be bound by any decision here. Any moneys paid by the receiver to the Wilder Company as rent might be adjusted in this action as against the plaintiff.

On the question of the jurisdiction of the City Court over the person of the plaintiff here, it seems to us that proper service of the precept was not made. If plaintiff was a resident of Rochester, the judgment roll does not show that the precept was served on it

by leaving it with a person in charge of the premises. It was only in connection with service on Abbott that that was done; and no duty rested on the person in charge of the premises to notify anybody but Abbott. If, however, plaintiff was a resident of Buffalo, it does not appear that a notice was posted on the premises.

That plaintiff did not make application for relief in the receivership action seems to us unimportant in view of the fact that the court, in which that action was pending, granted permission to plaintiff to bring this action, with full knowledge of the situation. It appears, therefore, that when the action was begun there existed grounds for equitable relief. Subsequent events have rendered that relief unnecessary, but the cause may be retained to determine the question of incidental damages.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.