WILLIAM HUGHES, as Trustee of MAUD A. CUMING, Respondent, *v.* MARI A. CUMING, Appellant.

1. SUPREME COURT — WHEN ORDER BINDING ON COLLATERAL ATTACK — WHEN NOT. An order by the Supreme Court removing the trustee appointed by an agreement of separation between husband and wife and appointing another, even if irregular, is binding until reversed or set aside by direct attack, if the court had jurisdiction of the subject-matter of the controversy and of the parties thereto; but if the court had no jurisdiction of the subject-matter, or of the parties, its order is void and may be attacked collaterally.

2. PRESUMPTION OF JURISDICTION OVER PARTIES. It will be presumed, in favor of an order of the Supreme Court, that jurisdiction of the parties was acquired by the service of all notices actually necessary, where there is no proof, either of record or otherwise, to show that every step essential to the jurisdiction of the parties was not duly taken.

3. JURISDICTION OF SUBJECT-MATTER — DEFINITION. Jurisdiction of the subject-matter of a controversy is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question. It is the power to act upon the general or abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power.

4. JURISDICTION OF SUPREME COURT TO REMOVE TRUSTEE APPOINTED BY AGREEMENT OF SEPARATION BETWEEN HUSBAND AND WIFE AND TO APPOINT ANOTHER. The Supreme Court has no jurisdiction, without the consent of the husband or the trustee, to remove the trustee appointed by

an' agreement of separation between husband and wife, which contained a covenant upon the part of the trustee to indemnify the husband against liability for debts contracted, or to be contracted, by the wife, and to appoint another. Neither chapter 185 of the Laws of 1882 nor section 92 of chapter 547 of the Laws of 1896 applies to such a trust; and jurisdiction in such a case could not be conferred even by the express authority of a statute passed after the agreement was made, since a compulsory removal would impair the obligation created by the trustee's covenant to indemnify the husband.

*Hughes* v. *Cuming*, 36 App. Div. 302, reversed.

(Argued October 19, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 14, 1899, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Cruikshank* for appellant. The order appointing plaintiff as trustee was void and ineffectual, and plaintiff, the so-called substituted trustee, has no legal interest in the agreement, and cannot recover thereupon. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Craig* v. *Town of Andes*, 93 N. Y. 405; *Chemung Bank* v. *Judson*, 8 N. Y. 254; *Matter of Van Wyck*, 1 Barb. Ch. 565; *Matter of Mackay*, 15 N. Y. S. R. 50; *Marvin* v. *Marvin*, 1 Abb. [N. C.] 372; *Van Etten* v. *Hasbrouck*, 4 N. Y. S. R. 805; *People* v. *E. R. R. Co.*, 54 How. Pr. 59; *Labatut* v. *Delatour*, 54 How. Pr. 435; *Gelston* v. *Shields*, 16 Hun, 143.)

*Louis J. Vorhaus* for respondent. The court had power to remove the former trustee for misconduct and substitute another, and this action was properly brought by the substituted trustee. (*Galusha* v. *Galusha*, 116 N. Y. 643; *Clark* v. *Fosdick*, 118 N. Y. 12; *Atherton* v. *Atherton*, 82 Hun, 186; *Bucklin* v. *Bucklin*, 1 Abb. Ct. App. Dec. 252; *De Peyster* v. *Beckman*, 55 How. Pr. 90; *Culross* v. *Gibbons*, 130 N. Y. 447; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 452; *People* v. *Norton*, 9 N. Y. 178.)

VANN, J.   This action was brought to recover the sum of $969 alleged to be due the plaintiff upon an agreement of separation made on the 22nd of December, 1887, between Mari A. Cuming, Maud A. Cuming, his wife, and Mary L. Chamberlain as her trustee.   Mr. and Mrs. Cuming were married in 1877, but at the date of said agreement they were living separate and apart from each other.   After reciting that unhappy differences had arisen between the husband and wife, " for which reason they have consented and agreed and hereby do consent and agree to live separate and apart from each other during their natural lives," the instrument contains a covenant on the part of Mr. Cuming, " to and with the said trustee, and also to and with his said wife," that it should be lawful for her at all times thereafter to live separate and apart from him in such places and with such persons as she might select.   He agreed not to sue her for living separate and apart from him or to compel her to live with him, and that he would not sue, disturb or trouble any other person for receiving, entertaining or harboring her.   He promised not to visit her without her consent or to knowingly enter any house in which she resided, or to send any letter or message to her or claim any of the money, jewels, furniture, etc., in her possession, either then or thereafter.   The covenants on his part concluded with the promise to pay, " for and towards the better support and maintenance of his said wife," certain specified sums which she agreed " to take in full satisfaction for her support and maintenance and all alimony whatever."

Then follows a covenant on the part of the trustee " in consideration of the sum of one dollar to her duly paid  *   *   * to indemnify and bear him harmless of and from all debts of his said wife, contracted, or that may hereafter be contracted by her or on her account, and if " he " shall be compelled to pay any such debt or debts the said trustee hereby agrees to repay the same, on demand, to " him, " with all damage and loss that he may sustain thereby."

On the 5th of March, 1891, an order was made by the Supreme Court at Special Term removing Mary L. Chamber-

lain, the party of the third part named in said instrument, "from her position and trust as trustee by and under" said articles of separation, and appointing William Hughes to act as trustee in her place upon giving security in the sum of $250. This order was made upon the petition of Mrs. Cuming, in which she alleged that Mary L. Chamberlain was an unfit and unsuitable person to execute the trust. Mr. Cuming appeared and opposed the motion, but Mary L. Chamberlain did not appear, and although the notice of motion was addressed to her and to Mr. Cuming, it does not appear that it was ever served upon either. This order was received in evidence over the defendant's objection and exception, which raised the point that the court had no jurisdiction to make it, and especially that it had no jurisdiction of the subject-matter.

The plaintiff executed the bond prescribed by said order of removal, and upon the trial, after proof of the foregoing facts, showed that the defendant, who had never recognized him as trustee, either by making payments to him or otherwise, had failed to pay certain sums required by the articles of separation. After the usual motion to dismiss, the court directed the jury to find a verdict for the plaintiff for the amount claimed, and the defendant excepted. The Appellate Division affirmed the judgment entered accordingly, and the defendant appealed to this court.

The most important question presented by this appeal is whether the Supreme Court had jurisdiction to make the order of removal. If that court had jurisdiction of the subject-matter of the controversy and of the parties thereto, its order, even if irregular, is binding until reversed or set aside by direct attack. If, on the other hand, the court had no jurisdiction of the subject-matter or of the parties, its order was void and could be attacked collaterally, for " one is not bound to appeal from a void order or judgment, but may resist it and assert its invalidity at all times." (*Kamp* v. *Kamp*, 59 N. Y. 212, 215 ; *Losey* v. *Stanley*, 147 N. Y. 560, 573.) As the order was made by a court of general jurisdiction, and there was no proof, either of record or otherwise, to

show that every step essential to jurisdiction of the parties was not duly taken, the presumption is that such a court proceeded to judgment only after acquiring jurisdiction by the service of all notices actually necessary. (*Smith* v. *Central Trust Company*, 154 N. Y. 333, 340.)

We shall assume, therefore, that the proper parties were before the court, and the remaining question is whether there was jurisdiction of the subject-matter, which "is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question. * * * It is the power to act upon the general, and, so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power." (*Hunt* v. *Hunt*, 72 N. Y. 217, 229.) "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought." (*Cooper* v. *Reynolds*, 77 U. S. 308, 316.)

The right which Mrs. Cuming sought to assert against her husband and Mary L. Chamberlain, and upon which she demanded the judgment of the court, was the subject-matter of the litigation between the parties. What was the right so asserted? It was not the removal of a naked trustee selected by the parties to exercise a certain power which could be executed as well by another person, but was the removal of a trustee with an interest to protect, who, as party of the third part to the contract by which she was made trustee, had promised to indemnify the party of the first part against the consequences of a violation of certain stipulations therein by the party of the second part. This promise entered into the structure of the agreement, and was the only part thereof that was for the benefit of Mr. Cuming. The removal involved the destruction by the court of this essential part of the agreement upon the application of one party thereto without the consent of either of the others. The general question presented was whether the court should strike the name of the party of the third part from the agreement and insert that of

a stranger, for the effect of the order was to take Mary L.
Chamberlain out and put William Hughes in. The plaintiff
concedes this, for he states in his points as follows: "It is
submitted that the effect of the order was to insert the name
of the plaintiff in the agreement as if it had been originally
inserted as trustee. The order substitutes one for the other,
and the plaintiff by consenting to become so substituted
assumed the obligations of the former trustee, and the indem-
nity was thereby preserved."

The covenant of Mary L. Chamberlain to indemnify Mr.
Cuming against any debt contracted by his wife, was, as we
may assume, the main inducement for his entering into the
agreement, for it was the only stipulation which made it safe
for him to do so. This covenant between the trustee and Mr.
Cuming was a personal contract between them, which he could
compel her to perform. (*Berry Harvester Co.* v. *Walter A.
Wood M. & R. M. Co.*, 152 N. Y. 540, 546.) It was a bond of
indemnity capable of enforcement whenever broken, and hence
was property belonging to Mr. Cuming, of which he could not
be deprived without his consent. The agreement did not simply
make the trustee a medium to receive payment for the wife or
of contracting indirectly between husband and wife, but it
furnished personal and express indemnity to the husband. He
was entitled to this security, which could not be taken away
from him. While the Supreme Court had jurisdiction of the
subject of trusts, it had no power to make a new contract for
the parties. The subject acted upon by the court was not the
construction and enforcement of the contract as made, but a
radical change in the contract itself. This was not incidental
relief, but was the only relief demanded or granted, for there
was no attempt to have the contract enforced in the proceed-
ing which resulted in the order of removal. The court got no
power by deciding that it had it, and the only other question
decided was whether the contract should be changed by strik-
ing out one party and substituting another. No court has
this power. No court can substitute a new obligor in a bond
of indemnity in place of an old one. The Special Term could

not force a new surety upon the defendant, even if he was more responsible than the original surety, any more than it could take off one indorser from a promissory note and substitute another of equal or even greater responsibility in his place. The defendant had the right to the contract that he made, and was not bound by the one made for him without his authority.

Certain statutes are invoked by the respondent to sustain the action of the Supreme Court in making the order in question; one of them passed before and the other since the execution of the articles of agreement. By chapter 185 of the Laws of 1882 it was provided that upon the death of a surviving trustee of an express trust, the trust estate should not descend to his next of kin or personal representatives, but the trust, if unexecuted, should vest in the Supreme Court with all the powers and duties of the original trustee, and should be executed by some person appointed for that purpose under the direction of the court. That does not affect this case, for the original trustee is still living. By the Real Property Law the Supreme Court is given power to accept the resignation of a trustee, and in an action brought or on a petition presented by any person interested in the trust, to remove a trustee for insolvency or for any other cause rendering him an unsuitable person to execute it. In case of the resignation or removal of a trustee the court may appoint a new one in his place. (Laws of 1896, ch. 547, § 92.) This statute applies only to trusts connected with real estate.

Neither statute touches this case for another reason, as here we have a trustee created by a contract not authorized by statute, with not only a power to exercise for the benefit of the beneficiary, but with a personal interest to protect and a personal obligation to discharge to a party other than such beneficiary. The compulsory removal impaired the obligation of the contract by depriving that party of a right to property conferred thereby, which could not be done even by the express authority of a statute passed after the agreement was made.

13

The order of removal was void and had no effect upon the articles of separation, which were not changed by the action of the court, but are still in force in the form made by the parties. As the plaintiff is a stranger to the contract and cannot recover upon it in any event, no new trial is ordered, but the judgments of the courts below are reversed and the complaint dismissed, with costs in all courts.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN and WERNER, JJ., concur; CULLEN, J., not sitting.

Judgments reversed, etc.