(63 App. Div. 363.)

HUGHES v. CUMING.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. COSTS—APPEAL—REMITTITUR—CONSTRUCTION.

A trustee of a wife, named in articles of separation, was removed, and plaintiff was appointed as substituted trustee, and sued the husband to recover a certain sum due the wife. Judgment was rendered for the trustee, which was affirmed by the appellate division, and reversed by the court of appeals on the ground that the original trustee was improperly removed. The remittitur recited that the complaint was dismissed, with costs in all courts. *Held*, that the remittitur did not require the trial court to render a personal judgment against the plaintiff for costs.

2. SAME.

Where a trustee of a wife, named in articles of separation, is illegally removed by the supreme court, and a successor appointed, which action is unanimously approved by the appellate division, and the substituted trustee recovers a judgment against the husband for money due the wife under the articles of separation, but the judgment is reversed by the court of appeals on the ground that the appointment of the substituted trustee was void, the costs should be taxed against the indebtedness due the wife, and not against the trustee personally.

Appeal from special term, Kings county.

Action by William Hughes, as trustee of Maud A. Cuming, against Mari A. Cuming, to recover certain sums required to be paid to the plaintiff under articles of separation. From an order of the special term of the supreme court after a judgment in favor of plaintiff was reversed in the court of appeals (58 N. E. 794), and remanded, denying defendant's motion that the costs be taxed against the plaintiff individually, the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Alfred B. Cruikshank, for appellant.
William J. Carr, for respondent.

HIRSCHBERG, J. The defendant and his wife, for whom the plaintiff, William Hughes, has brought this action as trustee, en-

tered into articles of separation on the 22d day of December, 1887, with one Mary L. Chamberlain, as trustee of the wife, and this action was brought to recover certain sums required to be paid by the defendant in the articles of separation. Mary L. Chamberlain was removed as trustee by an order of the supreme court, and the plaintiff substituted, prior to the commencement of the action. He recovered judgment, which was duly affirmed by this court (36 App. Div. 302, 55 N. Y. Supp. 256), but reversed by the court of appeals (Hughes v. Cuming, 165 N. Y. 91, 58 N. E. 794). The reversal was on the ground that the court had no jurisdiction to remove the trustee named in the articles of separation, or to appoint the plaintiff in her place. The remittitur recites that the court of appeals "did order and adjudge that the judgments below be, and the same hereby are, reversed, and complaint dismissed, with costs in all courts." On applying at the special term for the usual order that the judgment of the court of appeals be made the judgment of the supreme court, the defendant asked for the costs against the plaintiff, William Hughes, personally, and this appeal has been taken from so much of the order then granted as denied that relief.

I do not think the plaintiff can be held absolutely liable personally for the costs of the action. He is not made so by any statute to which the attention of the court has been called, and the decisions cited on the appellant's brief only relate to cases where one bringing an action in a representative capacity, without authority, has been expressly charged by the court individually with the costs. It is not doubted that the court of appeals might have directed a dismissal of the complaint in this action, with costs of all courts, against the plaintiff personally; and it may be that the defendant may yet obtain a modification of the remittitur, which shall include that penalty; but it is clear that, as the remittitur is, it does not embrace such a liability, and that the special term was not obliged to enter judgment to that effect under the mandate as it came from the higher court. Assuming that it was within the discretion of the court at special term to grant or refuse the defendant's application, I am of opinion that the discretion was wisely exercised. The plaintiff was placed in his position by an order of the supreme court, which received the unanimous approval of this appellate tribunal. It could hardly be expected that he should know that the whole proceeding was unlawful and void. In bringing the action he did but what he naturally assumed to be his duty, and what would have been his duty had his title to represent the defendant's wife been undoubted. There seems to be no question but that the defendant is indebted to his wife under the terms of the articles of separation, and it would be far more just to charge the costs upon that indebtedness than to saddle them upon an individual who has no personal concern with the litigation, and whose only fault consists in misplaced confidence in the accuracy of the decisions of the lower courts. The order, so far as appealed from, should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.