MARY L. CHAMBERLAIN, as Trustee of MAUD A. CUMING, Appellant, *v.* MARI A. CUMING, Respondent.

*Action by a trustee under a separation agreement — defense that changed circumstances require its cancellation — the wife should be brought in as a party.*

Where a trustee mentioned in a separation agreement brings an action against the husband to recover from the latter a balance claimed to be due under the separation agreement, and the husband interposes an answer praying that the agreement be canceled by reason of a change in the circumstances of himself and his wife, the court may, upon the motion of the husband, properly make an order directing that the wife be brought in as a defendant unless she shall elect to appear as a plaintiff, and that the defendant be permitted to serve his answer upon her.

The fact that it seems probable that the husband's claim will not be sustained constitutes no reason for refusing to make the wife a party.

APPEAL by the plaintiff, Mary L. Chamberlain, as trustee of Maud A. Cuming, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of May, 1901, granting the defendant's motion and directing that Maud A. Cuming be brought in and made a party defendant in the action, unless she elect to appear as a plaintiff.

*Louis J. Vorhaus,* for the appellant.

*Edward L. Blackman* [*Alfred B. Cruikshank* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

This litigation is based upon the separation agreement which was the subject of consideration by this court and the Court of Appeals in *Hughes* v. *Cuming* (36 App. Div. 302 ; 165 N. Y. 91). That action was brought by William Hughes as trustee of Maud A. Cuming. This action is brought by Mary L. Chamberlain, the trustee named in the agreement — the Court of Appeals having held that there was no authority in the Supreme Court to appoint Mr. Hughes in her place.

The purpose of the plaintiff in the present suit, like that of the plaintiff in the original action, is to recover from the husband the balance claimed to be due to the plaintiff as the trustee of his wife under the separation agreement, and in the answer the husband prays that the agreement be canceled by reason of the change in circumstances of himself and his wife since the time when the agreement was executed. Acting upon the view that the wife herself as well as her trustee should be a party to a suit in which this question was to be determined, the court below has made an order that she be brought in as a defendant unless she elect to appear as plaintiff, and that the defendant be permitted to serve his answer upon her.

The appellant argues that the order below ought not to have been made because the opinion of the Court of Appeals in the case of *Hughes* v. *Cuming* (*supra*) shows that in no event can the defendant prevail in his effort to have the separation agreement canceled or modified. It is true that there is language in the opinion of

Judge VANN which tends to sustain the appellant's position in this respect, but the learned judge was not then considering any such state of facts as is set out in the answer in the present case. The precise question sought to be raised by the defendant here has not been decided in the other branch of the litigation; and even if it seems probable that it will be decided against him, that constitutes no reason for refusing to bring in all persons who are proper parties to the determination of such issue.

For these reasons we think that the order below was substantially right. The stay of proceedings therein contained, however, is in such a form as to permit the defendant to lie by and do nothing in the case indefinitely. That portion of the order should be modified so as to require the defendant to cause the supplemental summons and his answer to be served upon the wife within twenty days, and as thus modified the order should be affirmed, without costs of this appeal to either party.

GOODRICH, P. J., HIRSCHBERG, JENKS and SEWELL, JJ., concurred.

Order modified so as to require the defendant to cause the supplemental summons and his answer to be served upon Maud A. Cuming within twenty days, and as thus modified, order affirmed, without costs of this appeal to either party.