### CHAMBERLAIN v. CUMING.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

PRACTICE—ADDITIONAL PARTIES—EFFECT OF PREVIOUS ADJUDICATION.
       An order making the wife of defendant a party to an action to recover
  °    a balance due to plaintiff, as trustee of defendant's wife, under a sepa-
       ration agreement which the husband seeks to have canceled, should not
       be reversed on the ground that defendant has no chance of success in
       his effort to have the agreement canceled, because of a previous decision
       in another phase of the same controversy, where such decision did not
       expressly decide the precise question raised in the present litigation.

Appeals from special term, Kings county.
Action by Mary L. Chamberlain, as trustee of Maud A. Cuming,
against Mari A. Cuming. From an order directing Maud A. Cum-
ing to be brought in as a defendant, plaintiff appeals. Affirmed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and SEWELL, JJ.
Louis J. Vorhaus, for appellant.
Edward L. Blackman (Alfred B. Cruikshank, on the brief), for
respondent.

WILLARD BARTLETT, J. This litigation is based upon the
separation agreement which was the subject of consideration by
this court and the court of appeals in Hughes v. Cuming, 36 App.
Div. 302, 55 N. Y. Supp. 256, 165 N. Y. 91, 58 N. E. 794. That
action was brought by William Hughes as trustee of Maud A. Cum-
ing. This action is brought by Mary L. Chamberlain, the trustee
named in the agreement; the court of appeals having held that
there was no authority in the supreme court to appoint Mr. Hughes
in her place. The purpose of the plaintiff in the present suit, like
that of the plaintiff in the original action, is to recover from the

husband the balance claimed to be due to the plaintiff as the trustee of his wife under the separation agreement, and in the answer the husband prays that the agreement be canceled by reason of the change in circumstances of himself and his wife since the time when the agreement was executed. Acting upon the view that the wife herself, as well as her trustee, should be a party to a suit in which this question was to be determined, the court below has made an order that she be brought in as a defendant unless she elect to appear as plaintiff, and that the defendant be permitted to serve his answer upon her. The appellant argues that the order below ought not to have been made, because the opinion of the court of appeals in the case of Hughes v. Cuming, supra, shows that in no event can the defendant prevail in his effort to have the separation agreement canceled or modified. It is true that there is language in the opinion of Judge Vann which tends to sustain the appellant's position in this respect, but the learned judge was not then considering any such state of facts as is set out in the answer in the present case. The precise question sought to be raised by the defendant here has not been decided in the other branch of the litigation; and, even if it seems probable that it will be decided against him, that constitutes no reason for refusing to bring in all persons who are proper parties to the determination of such issue.

For these reasons, we think that the order below was substantially right. The stay of proceedings therein contained, however, is in such a form as to permit the defendant to lie by and do nothing in the case indefinitely. That portion of the order should be modified so as to require the defendant to cause the supplemental summons and his answer to be served upon the wife within 20 days, and as thus modified the order should be affirmed, without costs of this appeal to either party. All concur.