(99 App. Div. 561)

CHAMBERLAIN v. CUMING et al.

(Supreme Court, Appellate Division, Second Department.   December ·15, 1904.)

1. ADMISSION OF EVIDENCE—HARMLESS ERROR.
   The admission of improper evidence is harmless where the facts which it tended to establish were shown by proper uncontradicted evidence.

2. HUSBAND AND WIFE—SEPARATION AGREEMENT—ACTIONS—DEFENSES.
   It is no defense to an action by the trustee to recover installments due from the husband for the support of his wife under a separation agreement that the financial condition of the husband has changed since the making of the agreement.

Appeal from Trial Term, Kings County.

Action by Mary L. Chamberlain, as trustee of Maud A. Cuming, against Mari A. Cuming and Maud A. Cuming. From a judgment for plaintiff, defendant Mari A. Cuming appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Alfred B. Cruikshank, for appellant.

Louis J. Vorhaus (Joseph Fischer, on the brief), for respondents.

PER CURIAM.   This is the action which was before this court upon the review of an order bringing in Maud A. Cuming as a party defendant in Chamberlain v. Cuming, 65 App. Div. 474, 72 N. Y. Supp. 928.   It is founded upon a separation agreement which was under consideration upon that appeal, and also in Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256; 165 N. Y. 91, 58 N. E. 794.   The Court of Appeals held that the original action, brought by William Hughes, as trustee, was not maintainable, because there was no jurisdiction in the Supreme Court to substitute him in place of the original trustee, Mary L. Chamberlain.   The present suit, however, has been instituted and prosecuted by such original trustee, who has been successful in the court below.   In Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256, all the members of this court concurred in holding that the separation agreement was an effective contract on the part of the husband to pay the amounts specified therein for the support of the wife, and that an order for alimony obtained in a suit for divorce by the wife against the husband did not operate as a waiver of the separation agreement.   The correctness of these conclusions was not questioned in the Court of Appeals, the reversal there being based solely upon the lack of jurisdiction in the Supreme Court to substitute Mr. Hughes as trustee.   We adhere to the views expressed by this court in the Hughes Case in regard to the validity of the agreement and the effect of the order for alimony.   This disposes of the first four points presented in the brief for the appellant.

The fifth point relates to two judgments in favor of Mary L. Chamberlain against Mari A. Cuming, which were put in evidence by the plaintiff upon the trial.   In reference to these judgments the learned trial judge made the following finding of fact:   .

"Eighth. That in certain actions heretofore brought by the plaintiff against the defendant Mari A. Cuming for the recovery of installments due for the support of the defendant Maud A. Cuming the existence and validity of the said agreement between the parties hereto was necessarily litigated, and it was in the said actions determined and adjudicated that the agreement of separation was and is legally valid, and not against public policy, or unauthorized by law, or immoral; and that the said agreement was not voluntarily canceled or abandoned, either by the plaintiff or by the defendant Maud A. Cuming, by consent, cohabitation between the defendants, by the commencement of action for a divorce, for separation, or otherwise."

It is argued that these judgments did not constitute an estoppel against the maintenance of the defenses herein, and that it was error to receive them in evidence. It is not clear that they were treated as having the effect of creating an estoppel, but, however that may be, their admission, even if erroneous, was harmless, inasmuch as all the facts stated in the eighth finding above quoted were otherwise established by uncontradicted evidence. The defendant expressly waived the claim that the agreement of separation had been canceled by cohabitation between the husband and wife, and the simple introduction of the separation agreement itself, in view of the law as laid down by this court in the Hughes Case, proved its existence and validity, in the absence of evidence in behalf of the defendant that it had been voluntarily canceled or abandoned.

To sustain the sixth defense set out in the answer, the husband was called as a witness in his own behalf, and asked what was his financial condition at the time the separation agreement was made, whether he was then in business, whether he then possessed any property, whether his financial condition had materially changed since then, whether he had subsequently sustained business reverses, what was his salary at the present time, and whether he was able to pay the money provided to be paid under the separation agreement. Objections to these questions were all sustained, and the appellant duly excepted. We think the evidence sought to be elicited was wholly immaterial. It is impossible to see how a change in the financial condition of the husband would operate to relieve him from his obligation under the agreement. It is not clear that any allegation contained in the sixth defense set out in the answer really constitutes a matter of defense. If any, it is the averment that "from December, 1892, to the present time the said separation agreement has been treated as canceled and rescinded by the parties, and has been disregarded by them." If this be deemed equivalent to an allegation of actual cancellation, it would suffice, of course, to constitute an affirmative defense; but none of the questions asked of the defendant was directed toward the proof of any such defense. The judgment should be affirmed.

Judgment affirmed, with costs.