Rose M. Weintraub, Appellant, *v.* Max W. Weintraub,
Respondent.

Argued November 15, 1950; decided January 18, 1951.

*John B. Wheeler* for appellant. I. The court has jurisdiction of the subject matter of this action which is brought to recover damages for fraud committed by defendant in order to induce plaintiff to enter into a contract. (*Goldsmith* v. *National Container Corp.*, 287 N. Y. 438; *Johnson* v. *Johnson*, 206 N. Y. 561; *Calderon* v. *Calderon*, 193 Misc. 37, 275 App. Div. 251.) II. The complaint states facts sufficient to constitute a cause of action. (*Matter of Ensign*, 103 N. Y. 284; *Livingston* v. *Livingston*, 173 N. Y. 377; *Goldman* v. *Goldman*, 282 N. Y. 296; *Hoops* v. *Hoops*, 292 N. Y. 428; *Goldsmith* v. *National Container Corp.*, 287 N. Y. 438.)

*William E. Friedman* and *Leonard L. Berliner* for respondent. I. The court does not have jurisdiction of the subject of the action, which is one to increase the amount of alimony fixed by written agreement of the parties during the pendency of the New Jersey divorce action brought by plaintiff against defend-

ant. (*Johnson* v. *Johnson,* 206 N. Y. 561; *Stoddard* v. *Stoddard,* 227 N. Y. 13; *Ramsden* v. *Ramsden,* 91 N. Y. 281; *Ainsworth* v. *Ainsworth,* 239 App. Div. 258; *Red Robin Stores, Inc.,* v. *Rose,* 274 App. Div. 462; *Glahn* v. *Clark,* 251 App. Div. 747; *Walsh* v. *Walsh,* 276 App. Div. 753; *Zimmerman* v. *Zimmerman,* 275 App. Div. 1030.) II. The complaint does not state facts sufficient to constitute a cause of action because it does not contain any allegations of fact to support the claim for damages, and such allegations are essential in a fraud action. (*Schmoltz* v. *Schmoltz,* 116 Mich. 692.)

LEWIS, J. Our inquiry goes to the legal sufficiency of the complaint. The action is one by which the plaintiff demands of the defendant, her former husband, $100,000 damages based upon his alleged fraud in inducing her to enter into an agreement during the pendency of a divorce action which she successfully prosecuted in 1944 in the Chancery Court of New Jersey.

The fraud alleged is that, for the purpose of inducing the plaintiff to enter into a contract by which in consideration of the defendant's payment to her of sums therein specified she would release the defendant from all rights or claims by her for alimony, support and maintenance and for the support of their infant daughter, the defendant falsely and fraudulently represented his net financial worth to be $50,000 when in truth his net worth was $500,000.

As our decision will be influenced by the relation, if any, which the contract in suit bears to the 1944 divorce action, we examine that agreement which is annexed to and made a part of the complaint. Although in her brief before us upon this appeal the plaintiff refers to the contract of 1944 as " * * * strictly a property settlement agreement ", the further significant statement is made that the agreement was " * * * entered into *in contemplation of the pending divorce action* which terminated the marriage relationship and the plaintiff's right to support." (Emphasis supplied.) That fact is reinforced by the allegation in the complaint that the agreement was entered into " during the pendency of said [divorce] action ". In addition, after reciting the fact that the wife had instituted in New Jersey an action for divorce in which she demanded alimony for herself and maintenance for the child of her marriage to

defendant, the contract itself contains the husband's agreement to pay "during the pendency of the divorce action" a stipulated weekly sum in full satisfaction of his obligation to support the wife and their daughter until the entry of a final decree of divorce; that — depending upon when a final decree of divorce was entered — the husband would pay to the wife certain stipulated sums for her own use, for the use of their daughter and to the attorneys who had rendered legal services to the wife in the divorce action. Finally the contract — which was not referred to in the final decree of divorce — contained the following provision which we regard as an important factor: " 3. The parties agree that in the event that either party shall hereafter obtain a valid final decree or judgment of divorce from the other in any jurisdiction, this agreement and its provisions shall have the same force and effect as though inserted at length in any such final decree."

It should also be noted that by the plaintiff's brief upon this appeal we are told that plaintiff " * * * does not seek to attack the validity of the agreement nor does she seek its rescission or modification in any respect, but in this action she simply seeks to recover the damages sustained by reason of the respondent's deceit." In that connection the argument is made in plaintiff's behalf that as a matter of law she may retain whatever benefits have accrued or may hereafter accrue to her under the 1944 contract and that — independent of the divorce action successfully prosecuted in New Jersey in 1944 — she may maintain against the defendant the present action at law in which damages in a substantial amount are demanded based upon her allegation that she was induced by the defendant's fraud to enter into the 1944 agreement.

It is of course true, as asserted by the plaintiff-appellant, that one of the three traditional remedies ordinarily available to a person who has parted with something of value as the result of a contract induced by fraud, is that " * * * he may retain what he has received and bring an action at law to recover the damages sustained." (*Vail* v. *Reynolds,* 118 N. Y. 297, 302–303; *Goldsmith* v. *National Container Corp.,* 287 N. Y. 438, 442–443.) However, where as in the present case, the plaintiff frankly states that the agreement in suit was entered into in contemplation of a divorce action instituted by her in

New Jersey, which statement, as we have seen, is supported by allegations of the complaint and by provisions of the agreement which serves as the basis of the present action, such agreement was not only related to the divorce action but at the time was an incidental and potent factor by which was attained the end then sought by the plaintiff. And where, as here, the plaintiff asserts that she neither attacks the validity of the agreement of 1944 nor asks for its rescission or modification, but demands of the defendant damages by reason of his alleged deceit, we think the law of this jurisdiction is opposed to her position.

As the case comes to us the complaint has been dismissed. Accordingly, we assume the truth of plaintiff's allegations therein that she was induced, by the defendant's false representations of his financial worth, to accept under the 1944 agreement a sum inadequate for her proper maintenance during the pendency of the contemplated New Jersey divorce action and in full satisfaction of any and all of the defendant's obligations to her which might survive the decree in that action. In those circumstances it is difficult to conceive of a measure of plaintiff's damages which could be applied under the complaint herein other than a determination by the court of the proper amount for plaintiff's maintenance and support based upon the defendant's true financial worth.

We regard the law to be established in this jurisdiction that if a dispute over the amount to be paid by a husband for the support of his wife reaches the stage of court action, resort must be had to the appropriate statutory action applicable to the type of matrimonial litigation involved (*Ramsden* v. *Ramsden*, 91 N. Y. 281, 283–284; *Matter of Stern*, 285 N. Y. 239, 241; and see Civ. Prac. Act, arts. 67, 68, 69, 70). Upon that subject this court has had occasion to say (per RIPPEY, J.): " The wife's right to alimony is not ' a private claim or demand ' arising out of the marriage of the parties. That right comes from the statute and not from the common law (*Romaine* v. *Chauncey*, 129 N. Y. 566, 571). *Such a claim in itself furnishes no foundation for a cause of action; it is a mere incident of the judgment in a matrimonial action* (*Galusha* v. *Galusha*, 138 N. Y. 272; *Fox* v. *Fox*, 263 N. Y. 68; Civ. Prac. Act, §§ 1169, 1170). * * * The parties by themselves were without power permanently to fix or to alter their marital status or the scope

of the obligations arising from the marriage relationship by consent, stipulation or their own conduct (*Stevens* v. *Stevens,* 273 N. Y. 157, 159; *Goldman* v. *Goldman,* 282 N. Y. 296, 299).'' (*Querze* v. *Querze,* 290 N. Y. 13, 18.)   (Emphasis supplied.)

Mindful that the decree by which the parties to the present action were divorced in 1944 was granted by the Court of Chancery of New Jersey, we exercise the power given to us by section 344-a of the Civil Practice Act and note judicially the following New Jersey statute which — as in our own jurisdiction by section 1170 of the Civil Practice Act — empowers a court granting a divorce decree to retain jurisdiction to alter and amend the provisions thereof with respect to alimony: '' Pending a suit for divorce or nullity, brought in this State or elsewhere, or after decree of divorce, whether obtained in this State or elsewhere, the court may make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just * * *; orders so made may be revised and altered by the court from time to time as circumstances may require.'' (N. J. Stat. Ann., 2:50-37; and see *Williams* v. *Williams,* 12 N. J. Mis. Rep. 641; *Glassman* v. *Essex Co. Juvenile Court,* 9 N. J. Mis. Rep. 519.)

We agree with the Appellate Division that the case is ruled by *Johnson* v. *Johnson* (206 N. Y. 561). In that action — instituted by a plaintiff wife to increase the alimony previously fixed by a separation agreement between herself and her husband — this court reversed an Appellate Division order which in turn had reversed an order of Special Term denying plaintiff's motion for counsel fees, and granted said motion.  Two questions were certified by the Appellate Division: Did (1) Special Term or (2) the Appellate Division have power in that case to award plaintiff counsel fees?  Concluding that each question should be answered in the negative this court gave as reasons for its answers (1) that the action was not a matrimonial action and therefore there was no authority for awarding counsel fees; and (2) plaintiff was not entitled to counsel fees because she had failed to plead facts which entitled her to the relief sought.  As to the latter reason the opinion by Judge HISCOCK (as he then was) stated (p. 568): '' * * * But assuming without

deciding that the complaint does contain certain allegations showing a right to have the entire agreement set aside for fraud and duress, the plaintiff intentionally and deliberately, as shown not only by the complaint but by her counsel's argument upon this appeal, confines her request simply to a prayer for modification of the amount of allowance for support. She has the power to take this position, and evidently for some reason prefers to preserve the agreement so far as it provides for separation. The question thus becomes whether where parties do enter into a separation agreement which provides as one of its features for an allowance to the wife, the court can annul this latter provision leaving the rest of the agreement intact, and then substitute its decision for the agreement of the parties as to the amount of allowance. It is very clear that this cannot be done. In the first place, the amount of allowance for support to be paid by the husband is so far an integral part of the agreement for separation that I doubt whether it could be set aside without annulling and canceling the entire agreement. But beyond this the court cannot reform an agreement entered into by parties by making a new agreement or provision for them in the place of the one which they have adopted. (*Hughes* v. *Cuming,* 165 N. Y. 91, 96, 97.) '' (See, also, *Calderon* v. *Calderon,* 275 App. Div. 251.)

The judgment entered upon the order of the Appellate Division should be affirmed, with costs. The certified questions are not answered.*

DESMOND, J. (dissenting). The complaint alleges that while the parties were wife and husband, the latter, by means of intentionally false statements as to the value and amount of

---

\* At Special Term, defendant's motion under rule 106 of the Rules of Civil Practice to dismiss the complaint was denied. At the Appellate Division the order entered at Special Term was reversed on the law and defendant's motion to dismiss the complaint was granted. From the Appellate Division judgment of reversal the plaintiff was entitled to appeal as of right (Civ. Prac. Act, § 588). However, upon plaintiff's motion the Appellate Division granted leave to appeal to this court and certified two questions. Inasmuch as the judgment entered upon the order of reversal by the Appellate Division is final and the certified questions are unnecessary, we do not answer those questions but treat the appeal as one taken as of right (*People ex rel. Poulos* v. *McDonnell,* 302 N. Y. 89).

his property, induced plaintiff to consent to a separation agreement by the terms of which she agreed to accept, and accepted, $20,000 in satisfaction of all her property rights against her then husband, including support and maintenance. The action is at law, and money damages are demanded. The question is as to whether such a suit lies. That question Special Term answered in the affirmative, but the Appellate Division in the negative. I see no impediment to the bringing of such an action.

The complaint avers further that the parties are residents of this State, that they were married here in 1917, that plaintiff obtained a decree of divorce against defendant in New Jersey in 1944, and that, while that action was pending, the parties entered into a written agreement, a copy of which is annexed to the pleading. That agreement recited the pendency of the divorce suit and that the parties desire to settle their property rights for all time. The husband therein promised to pay the wife various sums of money on stated dates, the total thereof being $20,000, and the wife covenanted, in consideration of those sums, to release all claims as to support, dower or community rights, or to elect against defendant's will. There was a clause in that agreement that the wife was to have the custody of the infant daughter of the marriage, and that the husband would pay a weekly sum for the child's support. Another paragraph of that separation agreement said that if either party should thereafter obtain a valid decree of divorce against the other, then the agreement should " have the same force and effect as though inserted at length in any such final decree." However, the New Jersey divorce decree thereafter granted to plaintiff (copy annexed to the complaint in the present action) contained no reference of any kind to the separation agreement nor any allowance for support, so the language just above quoted from the separation pact, has no legal effect at all. Elsewhere in the complaint are further allegations, referred to more fully at the end of this opinion, that defendant stated his financial worth, to plaintiff, at a figure one tenth as large as the actual sum thereof.

It seems to me that the complaint, summarized above, includes all the necessary elements of a suit in fraud for money damages.

That it is of an unusual type should not be an argument against its sufficiency (see discussion in *Rozell* v. *Rozell*, 281 N. Y. 106, 114). That a support agreement like the one annexed to this complaint creates binding contractual obligations is undisputed (see *Goldman* v. *Goldman*, 282 N. Y. 296, 300). It is equally well settled that where " a person has parted with something of value as the result of a contract induced by fraud ", he has his choice of three courses, one of which is to " ' retain what he has received and bring an action at law to recover the damages sustained ' " (*Goldsmith* v. *National Container Corp.*, 287 N. Y. 438, 442, 443). I see no reason why that choice is not as open to this plaintiff as to any other contracting party, who, by misrepresentations, has been persuaded to assign or release a claim, or right, or chose in action, for an inadequate consideration.

Section 57 of our Domestic Relations Law, as amended in 1937 (L. 1937, ch. 669) to overrule such cases as *Schultz* v. *Schultz* (89 N. Y. 644) and *Allen* v. *Allen* (246 N. Y. 571), announces that a married woman has a right of action against her husband for his wrongful or tortious acts resulting in injury to her property, as if they were unmarried. That radical change in our State's public policy conferred on married women a new substantive right to maintain such suits, and to recover damages therein (see *Coster* v. *Coster*, 289 N. Y. 438, 442). The right to fair and adequate support is a property right, and one of great value and importance. Procurement of a release thereof, by fraud, should be penalized by the courts in the same way as other such frauds.

The Appellate Division, following its own earlier and similar holding in *Walsh* v. *Walsh* (276 App. Div. 753) held that (p. 357) " questions of support cannot be raised in the form of actions on the case for deceit " and that " the sole remedy is to attack the validity of the agreement by way of rescission." (276 App. Div. 355, 356.) That ruling that plaintiff, though alleged to be a defrauded contracting party, does not have all the choices listed in *Goldsmith* v. *National Container Corp.* (*supra*) seems to be based entirely on an interpretation, which I cannot accept, of *Johnson* v. *Johnson* (206 N. Y. 561). The *Johnson* case contains nothing, by way either of holding or dictum, on the question we have here. Mrs. Johnson did not sue for damages for fraud.

She did not even seek a rescission or reformation of her separation agreement. She simply prayed the court to *increase the amount* fixed in the agreement for her alimony. The courts, when asked in that suit to award plaintiff a counsel fee, decided two things, and two things only: first, that counsel fees could not be allowed because it was not a matrimonial action, and second, that the complaint stated no cause of action at all since it asked no more than that a new alimony figure be put by the court into the subsisting separation agreement. That the *Johnson* case did not, and was never intended to, go any further than that, was later stated in so many words by this court in *Stoddard* v. *Stoddard* (227 N. Y. 13, 20, 21). The *Johnson* and *Stoddard* opinions were both written by Judge (later Chief Judge) HISCOCK.

Of course, *Johnson* v. *Johnson* (*supra*) could not have dealt with the validity of a common-law fraud suit such as this one, and there is no suggestion in the *Johnson* opinion that the court was making any such (gratuitous) effort. Indeed, there is a statement in the *Johnson* opinion which, given its logical application to our situation, would uphold this complaint. On page 567 of 206 New York, Judge HISCOCK, writing for the court, and after noting that plaintiff Johnson could have sued in equity to set aside the separation agreement, had this further to say: " But such an action would rest on the same general principles as a similar action affecting any contract. The plaintiff would be allowed to maintain it not because the agreement related to the marital relation but because she had been persuaded by fraud or duress to enter into a contract impairing her legal rights." In other words, fraud which persuades a wife to give up her marital rights, makes available to her the same remedies as if the contracting parties were not husband and wife, and as if the rights impaired were not those appertaining to marriage.

Defendant argues that plaintiff here is really asking the court to do what *Johnson* v. *Johnson* (*supra*) says no court can do: take jurisdiction solely to increase the alimony fixed by a separation agreement. In a sense that may be true, since plaintiff, if she wins, will have more money, and she can use that money for her support. But a similar objection could be made, and a similar label applied, to any cause of action for fraudulently inducing any plaintiff to enter into a contract to give up any

kind of property right. If one has a claim or chose in action against another and releases it for a price to which his consent is obtained by fraud, his successful suit for damages would, in one way of looking at it, be a fixation by the court or jury of a price, higher than the parties had agreed on, for the release. But suits for fraud have never, until now, been dismissed because the giving of damages to a contracting party means that he receives, ultimately, more than he bargained for. He sues, not so that the court may up the price he agreed to take, but to get what he lost through the fraud. All this is equally true of this plaintiff's plight, and she should not be barred from the remedies which the law gives to all others similarly situated.

Again, defendant says that plaintiff cannot sue for fraud as to this contract, because in so doing, she is merely attacking the alimony terms thereof and leaving the rest of the document intact. But that is exactly what she is permitted to do by *Goldsmith* v. *National Container Corp.* (*supra*) and the cases and authorities cited in the *Goldsmith* opinion at page 443 of 287 New York.

We agree with the United States Court of Appeals for the Tenth Circuit, which, as to this very question, said: " it is difficult to see why such a contract would be any different than a property settlement contract between two partners, and why the parties in an action thereon could not assert the same rights or the same defenses against each other that partners could in disputes arising out of a partnership property settlement contract." (*Schoonover* v. *Schoonover,* 172 F. 2d 526, 529.) Another recent case confirming the right to bring this sort of suit is *United States Nat. Bank* v. *Bartges* (120 Col. 317, certiorari denied 338 U. S. 955).

Defendant argues that the complaint contains no factual allegations to support a claim for damages. I think it does. It tells us that defendant falsely and fraudulently represented to plaintiff that his entire estate consisted of a half-interest, worth $50,000, in a certain corporation, whereas in truth, says the complaint, he had holdings in various corporations, which holdings were of the value of $500,000. Plaintiff alleges that she released her rights against her husband for $20,000 in reliance on his false statement that he was worth $50,000,

whereas his real financial worth was ten times as great as he represented. The amount of her damage is stated as $100,000. I think that sufficiently avers damage. We need not now consider, on such an appeal as this, any questions as to the amount of damages recoverable, or as to the methods, or possible difficulties, of proof thereof (see, on this precise question, *United States Nat. Bank* v. *Bartges, supra,* 120 Col. at pp. 334–336).

The judgment should be reversed, and the motion denied, with costs in all courts. The certified questions, being unnecessary, should not be answered.

LOUGHRAN, Ch. J., CONWAY, DYE, FULD and FROESSEL, JJ., concur in opinion by LEWIS, J.; DESMOND, J., dissents in opinion.

Judgment affirmed, etc.