## (December 16, 1958)

■ HILDA M. CARDY, Respondent, v. VERNON G. CARDY, Appellant.

McNALLY, J. (dissenting). Defendant-appellant appeals from an order denying his motion under rules 106 and 107 of the Rules of Civil Practice to dismiss the second amended complaint on various grounds among which are that the allegations thereof do not sustain any cause of action and there is an existing final judgment determining the causes of action herein. This action is for fraud and deceit by the former wife of the defendant to recover damages equivalent to the value of her one-half share of legal community property of their marriage under the Civil Code of the Province of Quebec.

The second amended complaint alleges the following facts. The parties were intermarried on April 29, 1916 in the Province of Quebec, Canada. Article 1260 of the Civil Code of the Province of Quebec provides:

" If no covenants have been made, or if the contrary have not been stipulated, the consorts are presumed to have intended to subject themselves to the general laws and customs of the country, and particularly to the legal community of property, and to the customary or legal dower in favor of the wife and of the children to be born of their marriage.

" From the moment of the celebration of marriage, these presumed agreements become irrevocably the law between the parties, and can no longer be revoked or altered."

The alleged value of the legal community property of the parties on June 1, 1950 was of the value of upwards of $30,000,000. On February 7, 1949, plaintiff petitioned the Montreal Superior Court for permission to sue the defendant for separation on the grounds of adultery and concubinage and for leave to sue for dissolution and partition of their community property. Plaintiff's said petition was granted. Thereafter plaintiff caused a writ of attachment to be levied against the movable community property. The total value of the community property so attached was upwards of $25,000,000. On March 30, 1949, plaintiff was awarded $1,400 monthly alimony *pendente lite*. During and subsequent to March, 1949 the defendant devised and caused to be executed a scheme to defraud the plaintiff of her share of the community property which included the making at the instance of defendant of material misrepresentations to the plaintiff by plaintiff's attorneys. Plaintiff had no knowledge of the defendant's said scheme nor of the falsity of the representations of material fact until after January 17, 1955. By reason of defendant's said fraud and deceit plaintiff was induced to release the writ of attachment, withdraw the suit for separation, divorce the defendant, renounce her share of community property and to accept alimony of $1,400 a month during her lifetime secured by a trust in the principal sum of $450,000.

Plaintiff has stipulated that the instruments referred to in the second amended complaint include the following: agreement between the parties dated January 30, 1950 reciting the pendency of divorce proceedings before the Parliament of Canada and an action for separation from bed and board and for dissolution of community property and the provisional allowance for plaintiff's support of $1,400 per month, whereby the defendant undertook to cause to be created a trust to insure the payment to plaintiff during her lifetime the sum of $1,400 per month; stipulation entitled in the Superior Court of the Province of Quebec in an action between the parties dated January 30, 1950 whereby plaintiff desists from all attachments except as to one specified item not here material; trust agreement dated June 30, 1950 whereby the trustee General Trust of Canada acknowledges the receipt from the defendant of the sum of $450,000 and undertakes to pay to the plaintiff during her lifetime the sum of $1,400 per month. The last agreement also executed by the parties herein includes the following provision: " And in consideration of Mr. Cardy's conveyance of the sum aforesaid to the Trustee and of certain other considerations

aforesaid undertaken and given to the Trustee by Mr. Cardy, Mrs. Cardy hereby releases and discharges Mr. Cardy from and hereby renounces all and any rights or claims that she presently has against Mr. Cardy directly or indirectly arising out of their marriage, including any right she might have to claim community of property, and any rights she may now or in future have under a certain Deed to which Mr. and Mrs. Cardy and the Brockville Trust & Savings Company were parties in Nineteen hundred and thirty-two, and she hereby accepts the arrangements made in this present Deed in lieu of any such claims."

Paragraph 31 of the pleading under consideration sets out article 1921 of the Civil Code as follows: "Error of law is not a cause for annulling transaction. With this exception, it may be annulled for the same cause as contracts generally; subject nevertheless to the provisions of this article."

We are empowered to note judicially the law and statutes of the Province of Quebec. (Civ. Prac. Act, § 344-a; *Weintraub* v. *Weintraub,* 302 N. Y. 104, 109; *Pfleuger* v. *Pfleuger,* 304 N. Y. 148, 151.)

Articles 1918 to 1920 of the Civil Code provide as follows:

"1918. Transaction is a contract by which the parties terminate a lawsuit already begun, or prevent future litigation by means of concessions or reservations made by one or both of them.

"1919. Those persons only can enter into the contract of transaction who have legal capacity to dispose of the things which are the object of it.

"1920. Transaction has between the parties to it the authority of a final judgment (*res judicata*)."

The foregoing articles of the Civil Code relating to transactions are similar in content to a compromise under the Code of Louisiana, the legal effect of which was stated in *Oglesby* v. *Attrill* (105 U. S. 605) where the court at pages 610–611 said: "A compromise, by the code of Louisiana, is defined to be 'an agreement between two or more persons, who, for promoting or putting an end to a law suit, adjust their differences by mutual consent, in the manner which they agree on, and which any one of them prefers to the hope of gaining, balanced by the danger of losing' (art. 3071); and has, between the interested parties, a force equal to the authority of a thing adjudged. It cannot be attacked on account of any error in law or any lesion. Art. 3075. ⁂ ⁂ ⁂ The compromise stands, therefore, as a judgment, making a settlement of the very matters now set up as grounds of complaint in the petition ⁂ ⁂ ⁂ No allegations of fraud, in addition to those made at the settlement, can prevent the compromise from having effect as a judgment thereon. It may, indeed, by a direct proceeding instituted for that purpose, be rescinded for fraud, but it cannot, any more than any other judgment, be attacked collaterally. *Adle* v. *Prudhomme,* 16 La. Ann. 343."

It is undoubtedly true that by force of article 1921 of the Civil Code the transaction effected by the said instruments executed by the parties herein may be annulled for the same cause as contracts generally. However, in this action plaintiff affirms the transaction by which the parties terminated the action for separation from bed and board and for dissolution of community property theretofore instituted by the plaintiff in the Superior Court of the Province of Quebec. Plaintiff may not affirm the transaction, retain the benefits thereof reflected in the trust agreement of June 30, 1950, and at the same time collaterally attack the transaction which by force of article 1920 of the Civil Code has "the authority of a final judgment (*res judicata*)." (*Oglesby* v. *Attrill, supra; Crouse* v. *McVickar,* 207 N. Y. 213, 217, 219; *Reich* v. *Cochran,* 151 N. Y. 122, 127; *Cowans* v. *Ticonderoga Pulp & Paper Co.,* 219 App. Div. 120; *Ross* v. *Fida,* 265 App. Div. 586, 590.)

Moreover, plaintiff is not entitled to prosecute an action for damages for defendant's failure to support and maintain her. Nor may she seek damages against the defendant for deprivation of her rights in and to community property.

The right to support is statutory and an incident of the marital relation. A breach of the obligation to support does not give rise to an action for damages. Therefore, an action for damages based upon fraud in the inducement of the transaction herein insofar as it relates to the obligation to support does not lie. (*Weintraub* v. *Weintraub, supra*.)

It is to be noted that article 202 of the Civil Code provides: "Whether the wife is plaintiff or defendant, she may demand an alimentary pension, in proportion to her wants and the means of her husband; the amount is fixed by the court, which also orders the husband, if necessary, to deliver to the wife at the place to which she has withdrawn, the clothing she may require."

Article 170 of the Civil Code provides: "Whenever the condition of the party who furnishes or of the party who receives maintenance is so changed that the one can no longer give or the other no longer needs the whole or any part of it, a discharge from or a reduction of such maintenance may be demanded by means of a petition to a judge of the Superior Court."

It appears, therefore, that under the Civil Code provision for maintenance is subject to modification as are the support provisions of decrees in matrimonial actions of this State. The analogy between the facts and applicable law here and in *Weintraub* v. *Weintraub* (*supra*) is complete.

Community property rights and obligations are regulated entirely by the Civil Code. A separation from bed and board operates as a dissolution of the community of property under the provisions of article 209: "When community of property exists, the separation operates its dissolution, imposes on the husband the obligation of making an inventory, and gives to the wife in case of acceptance, the right to demand the partition to the property, unless by the judgment she has been declared to have forfeited this right."

Article 1314a of the Civil Code provides for renunciation as follows:

"The wife who sues for separation may accept or renounce the community, according to circumstances, and if the husband fails to make an inventory, she may, upon being authorized, have one made, if she has not renounced.

"If she accepts, the partition is effected in the manner provided in the title *Of Marriage Covenants.*"

It would appear that the sole remedy for the involuntary dissolution of community property is set forth in article 1312 of the Civil Code as follows: "Separation of property must be obtained judicially, and has no effect so long as it has not been carried into execution in the manner stated in article 1098 of the Code of Civil Procedure."

Under the Civil Code of the Province of Quebec there is no provision for an action for damages for deprivation of community property. If the transaction relied on by the defendant-appellant is a bar to a separation of property under the Civil Code, plaintiff's indicated remedy in the proper forum is an appropriate action or proceeding to set aside the transaction.

The order appealed from should be reversed on the law, and the motion to dismiss the second amended complaint granted.

Breitel, J. P., Rabin and Bastow, JJ., concur in decision; McNally dissents in opinion, in which Stevens J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent.