Abbaham N. Gteller, J.
Defendant moves, pursuant to rule 103 of the Eules of Civil Practice, for an order striking out paragraphs 4, 5, 6, 7 and 8 of the first cause of action contained in the amended complaint, and, pursuant to rule 106, for dismissal of the first cause of action upon the grounds of plaintiff’s lack of legal capacity to sue and legal insufficiency. The cause of action is based upon a written agreement and an amendatory agreement between the parties (wife and husband, respectively), both of which plaintiff alleges were fraudulently induced.
The first cause of action as originally pleaded was previously dismissed for insufficiency, with leave to amend (N. Y. L. J., Feb. 21, 1961, p. 14, col. 5).
By the amended first cause, plaintiff wife seeks the recovery of damages. The contract is not a separation agreement, but rather a property settlement agreement. It also provides for the measure of support while the parties are living together and while they are living separate and apart. It is also provided: “The parties further agree, that in the event that Irene shall institute any legal proceeding against Harold either for separation or divorce, then Harold’s obligation to make further payments to Irene thereafter shall cease. Irene reserves the right in any such legal proceeding to assert all of her marital rights against Harold for support and maintenance as any court having-jurisdiction over such proceeding may therein determine.”
Plaintiff urges that the defects found to exist in the first cause of action of the original complaint have been cured by the allegations of paragraphs 10, 30 and 31 contained in the amended complaint. It is unnecessary to determine whether this is so, for in my opinion the question of sufficiency is controlled by Weintraub v. Weintraub (302 N. Y. 104). It was unnecessary on the prior motion, as Mr. Justice Fine stated, to reach that question. I assume that, subject to consideration of the legal questions presented by the Weintraub decision, a sufficient cause is set forth for the recovery of damage upon affirmance of a contract alleged to have been fraudulently induced.
*1038 In Weintraub v. Weintraub (supra) the agreement there involved was made during the pendency of a divorce action in which the husband’s obligation to support was to be measured and determined. Plaintiff urges that no suit was contemplated here (although provisions were made to apply in the contingency that a matrimonial suit was later commenced), that involved here is not a separation agreement, and that in Weintraub v. Weintraub the court stated its decision was influenced by the relation, if any, which the contract there bore to the divorce action. In its opinion, the Court of Appeals stated (302 N. Y. 104, 108, supra): “ We regard the law to be established in this jurisdiction that if a dispute over the amount to be paid by a husband for the support of his wife reaches the stage of court action, resort must be had to the appropriate statutory action applicable to the type of matrimonial litigation involved.” See, also, Querze v. Querze (290 N. Y. 13) and Johnson v. Johnson (206 N. Y. 561) upon which the Court of Appeals placed special reliance in the Weintraub decision.
This court cannot perceive that any difference of substance emerges from the fact that the agreement here involved is not a separation agreement. It attempts to and does fix the measure of support before a matrimonial suit is brought. By whatever logic the point may be urged, plaintiff is asking, despite the form of the action, for reformation of the privately fixed alimony provision of the agreement, and this cannot be done save as incident to a matrimonial action and decree. Damage in this action may not be equated with the damage recoverable upon contracts generally which have been fraudulently induced (Goldsmith v. National Container Corp., 287 N. Y. 438). As the Court of Appeals stated in the Weintraub decision (302 N. Y. 104, 108, supra): “ In those circumstances it is difficult to conceive of a measure of plaintiff’s damages which could be applied under the complaint herein other than a determination by the court of the proper amount for plaintiff’s maintenance and support based upon the defendant’s true financial worth.”
Moreover, the contract here has its influence upon any matrimonial litigation instituted between the parties, for provision was made in the contract for the fixing of alimony by a court in the event of suit for separation or divorce. This is not the kind of action in which the issue may be litigated. The parties are in dispute as to what, in the light of the truth as to defendant’s income and resources and in the absence of fraudulent representations, the measure of obligation should have been; the dispute has reached “ the stage of court, action” and “ resort must be had to the appropriate statutory action appli *1039 cable to the type of matrimonial litigation involved.” (Weintraub v. Weintraub, supra, p. 108.)
In view of the disposition here made, it is unnecessary to reach the relief sought pursuant to rule 103. The motion to dismiss the first cause of action for insufficiency is granted.