■ JACQUELINE F. SCHOONMAKER, Respondent, v. FRANK SCHOONMAKER, Appellant.— Order, entered on or about February 21, 1964, granting motion to dismiss affirmative defenses, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the complaint dismissed with leave to plaintiff to serve an amended complaint within 20 days of service of a copy of the order entered hereon, with notice of entry. The motion to dismiss the affirmative defenses searches the record (CPLR 3211, subd. [c]). The

complaint, alleging that the parties are married, in a single cause of action seeks recovery for support in accord with an antenuptial agreement, for damages for failure to perform other terms of the agreement, and for a declaratory judgment in regard to her rights that may accrue under the alleged agreement. Insofar as the agreement provides for support, the appropriate action is the statutory action applicable to the matrimonial litigation involved (*Weintraub* v. *Weintraub*, 302 N. Y. 104). Agreements for support between persons about to be married or married and living together are not per se actionable (*Garlock* v. *Garlock*, 279 N. Y. 337). As the agreement for support is the gist of the alleged contract, the cause of action as presently pleaded is defective. In view of this it is not necessary to comment on Special Term's conclusions as to whether defendant is estopped to plead the invalidity of his Mexican divorce. The failure to so comment is not an indication that we take a similar view. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.